FIRST NATIONAL BANK OF POLK COUNTY, Plaintiff–Appellant,

v.

Edward M. GOSS, Marcella H. Goss, and Edward M. (Ken) Goss, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 22, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

Roger E. Jenne, Jenne, Scott & Bryant, Cleveland, for Appellant.

Randy Sellers, Cleveland, for Appellees.

## OPINION

McMURRAY, Judge.

This case originated as a suit by the appellant to collect a deficiency balance on a note and for collection of monies alleged to be past due on another note. All defendants answered and the defendant, Marcella H. Goss, filed a counter-complaint. The defendant, Edward M. Goss, died while the case was pending. A suggestion of death was made and an order was entered substituting the Estate of Edward M. Goss as a party defendant. The trial court, after a hearing on the merits, entered a judgment adverse to the appellant in the original action and also dismissed the counter-complaint. The appellant has filed this appeal challenging the judgment of the trial court in dismissing its original action. For reasons hereinafter stated, we dismiss this appeal.

The sole issue presented by the appellant for our review is framed as follows:

Did the chancellor err in ruling that the plaintiff owed a duty to the defendants to refrain from pursuing its remedies under the promissory notes and security agreements, thereby dismissing plaintiff's claims for deficiencies due under the promissory notes?

The appellees have also presented various issues for our review:

1. Did the chancellor err in setting aside and re-entering the judgment entered May 25, 1993, due to excusable neglect under T.R.C.P. 60, thereby allowing the plaintiff to institute a timely appeal notwithstanding the plaintiff filing its original notice of appeal untimely?

2. Did the chancellor err in dismissing the plaintiff's suit for a deficiency due under certain promissory notes owed by the defendants after plaintiff, by coercion and duress, caused the defendants to sell real property which was the collateral for said notes for a sales price which would cause a deficiency to exist, even in light of the defendants having another prospective buyer which would have paid said notes in full?

3. Did the chancellor err in dismissing the counter-complaint whereby the counter-plaintiff would have been able to sell their property for a sum sufficient to pay the counter-defendant in full and render the counter-plaintiffs' substantial equity, had it not been for the actions of the counter-defendant in coercing the counter plaintiffs to sign a contract for the sale of the property resulting in a deficiency being owed by the counter-plaintiffs?

In our view, the first issue presented by the appellee is the threshold issue for our consideration. If there is merit in this issue, then, under Rules 3 and 4, Tennessee Rules of Appellate Procedure, we have no jurisdiction to entertain this appeal. Rule 3 requires that a timely notice of appeal be filed with the clerk of the trial court as provided in Rule 4. Rule 4 requires that the notice of appeal required by Rule 3 *shall be filed with and received by the clerk of the trial court within 30 days after the date of the entry of the judgment appealed from.* (Emphasis added). The time limit set out in Rule 4 is jurisdictional in a civil case. *See Jefferson v. Pneumo Serv. Corp.,* 699 S.W.2d 181 (Tenn.App.1985). Further, this court has no discretion to expand the time limit set out in Rule 4. *See* Rule 2, Tennessee Rules of Appellate Procedure.

The Advisory Commission Comments to Rule 4, do state "[n]othing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days, although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02." Thus, it has become incumbent upon the courts to determine what an appropriate circumstance is.

In the case at hand, it is undisputed that the notice of appeal was not timely received by the trial court clerk. Upon recognizing the problem counsel for the appellant filed a motion in this court, which was granted, to dismiss the appeal voluntarily and, further, a motion in the trial court for relief under

T.R.C.P. 60.02. The trial court, in response to the appellant's motion set aside the previous judgment and ordered the re-entry of the same judgment. It is from the order re-entering the same judgment that this appeal is taken.

In his memorandum opinion, the trial judge found:

The order confirming the dismissal [the order from which an appeal was sought] was filed on May 24,[1] 1993. The plaintiff attempted to perfect an appeal by posting a letter to Ms. Sula Jenkins, Clerk and Master of Polk County, Polk County Courthouse, Benton, Tennessee, on July 23, 1993. After mailing the correspondence in Cleveland, the letter was postmarked at the Chattanooga Post office on June 24, 1993, which would have been the last date the appeal could have been entered under the 30 day requirement. The appeal was not received until June 26, 1993.

The court further found:

All rules were substantially complied with, and our objective must be toward rendering justice to those seeking it within our judicial system. One day should have been sufficient for delivery which took three days in this instance. Plaintiff's lawyer was not derelict in his efforts. It is unequivocally ruled by this court that the appeal was timely filed.

The evidence which the court had before it on the Rule 60.02 motion was a copy of the envelope in which the notice of appeal was mailed, which reflects that the metered postage was placed on the envelope on June 23, 1993, and postmarked in Chattanooga on June 24, 1993. He further had the affidavits of plaintiff's counsel and an affidavit from a paralegal employed by plaintiff's counsel. Plaintiff's counsel testified by affidavit that the "judgment was approved by counsel of record, entered by the chancellor on May 24, 1993, and filed with the clerk and master's office May 26, 1993.[2] On June 23, 1993, plaintiff's representative advised me that it

desired to take an appeal in this case. On June 23, 1993, a notice of appeal and cost bond was prepared, by my office and transmitted to the clerk and master, by depositing same in the United States Mail in Cleveland, Tennessee, on June 23, 1993. To the knowledge of the undersigned and the staff of undersigned counsel, mail transmitted from Cleveland, Tennessee, would reach Benton, Tennessee, in one day's service."

Counsel's paralegal testified by affidavit that she prepared an appeal bond and notice of appeal, as well as a cover letter to transmit same to the clerk and master's office. "Mr. Jenne signed the bond, notice and letter on June 23, 1993, and I placed same in the outgoing mail on that date."

■ Our scope of review in this case on this issue is whether or not the chancellor abused his discretion. "A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge. The scope of review of an appellate court is to determine if the discretion was abused." *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn.1993).

In his motion and affidavit, plaintiff's counsel asserts that the failure of the notice of appeal to be filed, within the 30 day period, is the result of excusable neglect, he having assumed that two days mailing would be more than adequate for the notice to be received by the clerk and master.

■ It has been established that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Rule 60.02, T.R.C.P., to parties who failed to file their notice of appeal within the period of time provided for in the Tennessee Rules of Appellate Procedure. *Moody v. Moody*, 681 S.W.2d 545 (Tenn. 1984); *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn.1976); and *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422 (Tenn.App.1983). However, this relief is generally granted in only the most extraordi-

---

1. The order was signed on May 24, 1993 and was filed and entered on May 25, 1993. Even using the latter date, the notice of appeal was untimely. The notice of appeal was filed June 26, 1993.

2. As previously noted in footnote 1, the order was entered on May 25, 1993.

nary circumstances. *Travis v. City of Murfreesboro,* 686 S.W.2d 68 (Tenn.1985).

In *Moody,* supra, a divorce action, the trial court granted relief under Rule 60.02 on the grounds of excusable neglect because the appellant "did not receive notice of the final order in this cause...." On appeal, the Supreme Court held the action of the trial court to be error. In *Jerkins,* supra, the parties received no notice of the entry of the final order. The court stated:

> We think the facts of this case justify the invocation of Sec. 60.02(1) providing relief against a judgment for "mistake, inadvertence, surprise or excusable neglect." There is no merit to the insistence that Rule 60.02 applies only to acts of omission or commission of the parties.

In *Jerkins,* supra, relief was not granted under Rule 60.02 for other reasons.

In *Barb,* supra, the appellant failed to timely file a notice of appeal. The primary reason for failure to timely file a notice of appeal was that the appellant's attorney left the state for a family vacation before receiving instructions from his client to appeal. A letter from his client was placed in the file apparently awaiting his return. Upon his return a notice of appeal was untimely filed. The trial court found that there was excusable neglect but nevertheless denied relief. The Court of Appeals affirmed the judgment stating that "the excuse offered by affidavit for non-compliance with T.R.A.P., Rule 4, does not affirmatively establish that the trial court abused his discretion in deciding that the circumstances were appropriate for granting relief."

In *Knox, et al v. Tennessee Farmers Mutual Insurance Company,* 1988 WL 55710, an unreported case from this court written by Judge Anderson (now Justice Anderson), opinion filed June 2, 1988, the court noted:

> "It is now settled that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Tenn.R.Civ.P. 60.02 to parties who failed to file their notice of appeal properly exercis[ing] its discretion in allowing relief under T.R.Civ.P. 60.02."

In *Knox,* the motion to dismiss and/or for summary judgment on behalf of Tennessee Farmers was sustained by order of July 20, 1987, on the ground that the complaint failed to state a claim upon which relief could be granted. On September 14, 1987, a duplicate of the order of July 20, 1987, was filed. On October 14, 1987, Plaintiff filed a notice of appeal. Thereafter, a motion to dismiss the appeal was filed on behalf of Tennessee Farmers. Following that, a motion was filed on behalf of the plaintiff pursuant to T.R.C.P. 60 requesting the court to set aside the order of July 20, 1987. The proof offered in support of the motion was the affidavit of Kimberly S. Blackwell, secretary to Plaintiff's attorney, stating that she was misinformed by the clerk's office as to the date of entry of the order. The trial court overruled Tennessee Farmers' motion to dismiss the appeal and granted Plaintiff's motion for Rule 60 relief, setting aside the order of July 20, 1987, and directing that the order of September 14, 1987, remain in effect, thus making the notice of appeal of Plaintiff timely.

Apparently, the court in *Knox* allowed the appeal. All cases considered, we are left with little guidance as to what the circumstances must be to permit relief under Rule 60.02 where a timely notice of appeal was not filed. The common thread of all decisions touching on the issue seems to be the concept that the integrity of Rules 3 and 4, T.R.A.P. must be maintained.

In *Jefferson v. Pneumo,* supra, we find the following direction:

> Parties seeking relief pursuant to Tenn. R.Civ.P. 60.02 have the burden of demonstrating that they are entitled to relief. *Hopkins v. Hopkins,* 572 S.W.2d 639, 640 (Tenn.1978), and *Page v. Page,* 672 S.W.2d 423, 427 (Tenn.App.1984). Requests for relief pursuant to this rule are addressed to the discretion of the trial court. Thus, the role of this Court is to review the record to determine whether the trial court exercised its discretion properly. *Travis v. City of Murfreesboro,* 686 S.W.2d 68, 70 (Tenn.1985). Based upon the facts in this record, we have determined that the trial court should not have vacated its original order directing a verdict for the defen-

dant in order to enable Mr. Jefferson to file an untimely appeal. To rule that a party can be excused from compliance with the strict requirements of Tenn.R.App.P. 4(a) merely because his lawyer was busy doing something else would establish a precedent that would be difficult to follow in future cases and would permanently dilute the significance of the time limit in Tenn.R.App.P. 4(a).

In our study of the cases which have touched upon the issue under consideration, we believe that relief under Rule 60.02, T.R.C.P., relating to timeliness of an appeal is available only under the most unusual, rare, compelling and propitious circumstances.

■ Here, we do not believe the movant-appellant has carried its heavy burden.

■ We are of the opinion that the mailing of a notice of appeal to the office of the clerk and master within two days of the deadline for so doing is not excusable neglect as that term is used in Rule 60. We are further of the opinion that under such circumstances, prudence would dictate at least a call to the office of the clerk and master to insure receipt before the time to appeal had elapsed. Then, if the clerk and master had erroneously advised appellant that it had been received, we would be confronted with a situation in which the spirit and intent of the rules and the cases addressing their interpretations and applications would be more harmonious. We are further of the opinion that the affidavits filed in support of the motion for relief under Rule 60 are insufficient to demonstrate excusable neglect.[3] Neither affidavit reflects the time of day that the notice was actually placed in the U.S. Mail. Ms. Wilson simply states in her affidavit that "I placed same in the outgoing mail on that date." [June 23, 1993].

Without information as to the time of day the notice was placed in the U.S. Mail and without information as to when the U.S. Mail should have been picked up for processing in the usual course of business, we are left to speculate as to whether or not the notice was "effectively" mailed on June 23 or June 24, 1993.

In any event, we are of the opinion that the circumstances of this case do not constitute excusable neglect to the extent that relief can be granted. Accordingly, we are of the opinion that the trial court abused its discretion in setting aside the final order and allowing it to be re-entered solely for the purpose of making a notice of appeal timely.

Accordingly, we find that the notice of appeal was not timely filed. In view of this finding and the principle that a timely filed notice of appeal is jurisdictional, we are of the opinion that we are without jurisdiction to entertain this appeal. Thus, we are unable to address any of the other and further issues presented by the appellant or the appellees.

We reverse the judgment of the trial court and dismiss this appeal. Costs are taxed to the appellant and this cause is remanded to the trial court for the collection thereof.

FRANKS and SUSANO, JJ., concur.

---

3. Appellant, as an appendix to its reply brief, attached the affidavit of Sula Jenkins, Clerk and Master of the Polk County Chancery Court. In her affidavit, she stated that the office of clerk and master for Polk County was closed on Thursday, June 24, 1993. Assuming that the affidavit is properly before the court, it would not change the result.