IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 23, 2010

## JASON SHERWOOD v. CHERYL BLACKBURN, JUDGE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 08-499-IV      Alan W. Wallace, Senior Judge**

_____

**No. M2009-01702-COA-R3-CV - Filed April 8, 2010**

_____

This is an appeal from the trial court's dismissal of the Appellant's petition for writ of mandamus for failure to state a claim. Because the Appellant failed to timely file his notice of appeal, this Court does not have subject matter jurisdiction over this appeal. Accordingly, we dismiss.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Jason Sherwood, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Michael E. Moore, Solicitor General; Mary M. Bers, Senior Counsel, for appellee, Cheryl Blackburn.

**MEMORANDUM OPINION[1]**

This case began in 2008 when Appellant, Jason Sherwood ("Mr. Sherwood"), filed a petition for writ of mandamus with the Tennessee Supreme Court, naming Appellee, Judge Cheryl Blackburn ("Judge Blackburn") as the Respondent. Judge Blackburn presided over

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Sherwood's trial in his criminal case. Following his conviction, Mr. Sherwood, appealed to the Court of Criminal Appeals where his conviction was affirmed. *See **State v. Sherwood***, M2005-01883-CCA-R3-CD, 2007 WL 189376 (Tenn. Crim. App. January 26, 2007). In the appeal of his criminal case, Mr. Sherwood raised many of the same issues as he does in this appeal. *Id.* On February 26, 2008, Mr. Sherwood filed a motion requesting that his petition for writ of mandamus be transferred to the Chancery Court for Davidson County. Subsequently, his petition was transferred.

Mr. Sherwood filed another petition for writ of mandamus on April 4, 2008. In this petition, Mr. Sherwood asked for the issuance of a writ of mandamus ordering Judge Blackburn to file the criminal court record so that his claims may be reviewed. He also claimed in this petition that Judge Blackburn erred in his criminal trial by not allowing his attorney to call Detective E.J. Barnard as a witness. Also, he alleged that his constitutional rights were violated in the criminal trial because he did not have an impartial and unbiased jury and because it was implied to the jury that his fingerprints were in the Tennessee Criminal Database. Mr. Sherwood requested that his criminal conviction be reversed, that he be granted a new trial with a new venue, that disciplinary action be taken against Judge Blackburn, and for monetary damages against Judge Blackburn.

On April 6, 2009, Judge Blackburn filed a motion to dismiss. In her motion, Judge Blackburn asserted that Mr. Sherwood's petition was an improper appeal of his criminal conviction and that the doctrine of judicial immunity bars all claims for money damages sought against her in her official capacity. This motion was heard on April 28, 2009. The record reflects that Mr. Sherwood had notice of the hearing, but he was not present.[2] An order was entered on May 5, 2009, dismissing Mr. Sherwood's petition for failure to state a claim.

On June 12, 2009, Judge Blackburn filed an "Objection to the Order of Dismissal from Mary M. Bers,[3]" which was written by Mr. Sherwood. On June 18, 2009, Judge Blackburn filed a response to Mr. Sherwood's objection. In her response, Judge Blackburn explains that Mr. Sherwood neither filed his objection with the trial court nor served her with a copy of his objection. Instead, Mr. Sherwood sent his objection directly to the trial judge who then forwarded the objection to Judge Blackburn's counsel. Judge Blackburn explains that upon receipt of the objection, her counsel filed it with the court clerk. In his objection, Mr. Sherwood raised issue with Judge Blackburn's counsel drafting the order of dismissal by claiming that counsel is "usurping the courts authority", being prevented from attending

---

[2]Tennessee Code Annotated § 41-21-304 provides that in no civil case may an inmate be removed from the penitentiary to give personal attendance at court.

[3]Mary M. Bers is counsel for Judge Blackburn.

the hearing, and complained that he was not provided thirty days to respond to the motion to dismiss.[4] At the conclusion of his objection, Mr. Sherwood noted that it was submitted on May 5, 2009. His objection was filed a second time with the trial court on June 15, 2009. Neither copy of the objection contains a certificate of service. In her response, Judge Blackburn restates the arguments she previously made in support of her motion to dismiss, and points out that Mr. Sherwood, did not timely file his objection.

The trial court entered an order on July 2, 2009 overruling Mr. Sherwood's objection. In this order, the trial court found that the order of dismissal was entered on May 5, 2009 after a "proper hearing that fully adjudicated all issues." On July 15, 2009, Mr. Sherwood filed another objection wherein he stated he was giving notice of appeal. The record also contains two other notices of appeal filed on July 23, 2009. The notices are not identical, but the notices and objection raise the same issues. Neither the objection nor the two notices of appeal contain a certificate of service. All three of the notices of appeal, state that Mr. Sherwood is appealing from the trial court's overruling of his objection to the dismissal of his petition.

On appeal, Mr. Sherwood raises seven issues for our review. We restate them as follows:

1. Whether Judge Blackburn intentionally placed a prejudicial juror on the jury?
2. Whether Judge Blackburn intentionally allowed the prosecution to withhold "*Jencks* material" from Mr. Sherwood and the jury prior to trial?
3. Whether Judge Blackburn erred in upholding a search warrant used against Mr. Sherwood?
4. Whether Judge Blackburn erred in preventing the affiant of the search warrant from taking the stand in violation of the confrontation clause?
5. Whether Judge Blackburn erred in allowing the prosecution to imply that Mr. Sherwood's fingerprints were in the Tennessee criminal database?
6. Whether Judge Blackburn erred in allowing evidence of identification of Mr. Sherwood by junkyard employees?
7. Whether Judge Blackburn failed to fully uncover and correct the presence of the court officers in the jury room during deliberations?

---

[4]Mr. Sherwood does not cite to any rule requiring that he have thirty days to respond to a motion to dismiss and we have found none. Local Rule 26.03 of the Twentieth Judicial District provides that notice of the hearing shall be filed fourteen days before the scheduled hearing. According to the certificate of service on the motion to dismiss, notice of the hearing was provided to Mr. Sherwood via U.S. Mail on April 6, 2008, twenty-two days before the hearing.

We first note that we are cognizant of the fact that Mr. Sherwood is proceeding pro se. While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, **Hodges v. Tenn. Att'y Gen**., 43 S.W.3d 918, 920 (Tenn. Ct. App.2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not … entitled to shift the burden of litigating their case to the courts." **Whitaker v. Whirlpool Corp**., 32 S.W.3d 222, 227 (Tenn. Ct. App.2000) (citing *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95, 227 U.S. App. D.C. 1 (D. C. Cir.1983)). Pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere. **Hodges**, 43 S.W.3d at 920-21.

Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. **Meighan v. U.S. Sprint Commc'ns Co.**, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); **Ruff v. State**, 978 S.W.2d 95, 98 (Tenn. 1998). This Court lacks subject matter jurisdiction to hear an appeal if the notice of appeal is not timely filed. **First Nat'l Bank v. Goss,** 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995).

After reviewing the record, we find that Mr. Sherwood did not timely file a notice of appeal. According to the Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after the entry of the judgment appealed from. Tenn. R. App. P 4(a). However, if the Appellant timely files a motion pursuant to Tennessee Rule of Civil Procedure 50.02, 52.02, 59.02 or 59.04, the time for appeal runs from the entry of the order denying a new trial or granting such other motion. Tenn. R. App. P. 4(b).

Mr. Sherwood appeals the trial court's decision to dismiss his petition. Mr. Sherwood had thirty days from May 5, 2009 to file a notice of appeal from the trial court's order of dismissal. This time may be extended if Mr. Sherwood timely filed any of the motions contained in Tennessee Rule of Appellate Procedure 4(b). Unfortunately, Mr. Sherwood did not timely file a post judgment motion that extends the time for filing a notice of appeal. Assuming Mr. Sherwood's objection is a Rule 59.02 motion for new trial, or a 59.04 motion to alter or amend, he had thirty days from the entry of the final order to file his motion. Tenn. R. Civ. P. 59.02 and 59.04. Mr. Sherwood's objection to the trial court's final order was filed on June 12, 2009, over thirty days after the entry of the final judgment. Therefore it was untimely, and did not extend the time in which a notice of appeal may be filed. Further, because the objection was untimely, the trial court did not err in overruling Mr. Sherwood's objection.

This Court acknowledges the fact that Mr. Sherwood sent his objection directly to the trial court and that his objection notes that it was submitted on May 5, 2009. However, this is insufficient. "The filing of ... papers with the court as required....shall be made by filing them with the clerk of the court except that the judge may permit the papers to be filed with

the judge, in which event he or she shall note thereon the filing date and forthwith transmit them to the office of the clerk." Tenn. R. Civ. P. 5.06. Finding no notation by the trial court on Mr. Sherwood's objection and finding that the trial court did not transmit the objection to the clerk, we conclude that the trial court did not permit Mr. Sherwood's objection to be filed with him. Accordingly, the date the trial court received the objection is irrelevant because the trial judge did not permit it to be filed directly with him.

Further, Tennessee Rule of Civil Procedure 5.06 allows the filing of papers prepared by a pro se litigant incarcerated in a correctional facility to be considered timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. Civ. P. 5.06. The burden is on the pro se litigant to establish timeliness. Tenn. R. Civ. P. 5.06. We find no evidence in the record or even argument made, that Mr. Sherwood timely delivered his objection to the appropriate individual at the correctional facility. Accordingly, his objection cannot be considered timely filed.

Because Mr. Sherwood did not timely file his objection, the time for filing a notice of appeal was not extended. Accordingly, he had thirty days from May 5, 2009 to file a notice of appeal. Mr. Sherwood first filed a notice of appeal on July 15, 2009. Finding that this notice was filed over sixty days after entry of the final judgment on May 5, 2009, this Court finds that Mr. Sherwood's notice of appeal was untimely. Therefore, this Court does not have subject matter jurisdiction over this appeal and it must be dismissed.

Moreover, Mr. Sherwood did not provide proper notice of his appeal to Judge Blackburn. Mr. Sherwood was required to serve a copy of his notice of appeal on Judge Blackburn's counsel within seven days of filing his notice of appeal. Tenn. R. App. P. 5(a). Then, he was required to file proof of service with the trial court within seven days after service. Tenn. R. App. P. 5(a). Proof of service requires either (1) "an acknowledgment of service by the person served", or (2) "a statement of the date and manner of service and the names of the persons served, certified by the person who made the service." Tenn. R. App. P. 20(e). After reviewing the record, we find that it does not contain any proof of service. There are no filings in the record indicating an attempt to provide proof of service to Judge Blackburn's counsel. Further, none of the three notices of appeal contain a certificate of service. Therefore, we find that Mr. Sherwood did not properly provide Judge Blackburn with notice of his appeal.

Further, Mr. Sherwood has failed to comply with Tennessee Court of Appeals Rule 6. Rule 6 requires, in part, that Appellant's written argument contain a statement and citation to the record of the alleged erroneous action of the trial court, a statement and citation to the record of any action by the trial court to correct the alleged error, and a statement and citation to the record of how the Appellant was prejudiced. Other than a conclusory statement that the trial court "intentionally neglected and deliberately bypassed the acts of abuse of

discretion of Judge Blackburn", Mr. Sherwood's brief does not contain any argument whatsoever as to alleged errors of the trial court in dismissing his petition. Instead, Mr. Sherwood's brief focuses entirely on his argument on the alleged errors of Judge Blackburn in his criminal trial. Because he failed to include any statements alleging error by the trial court, Mr. Sherwood failed to comply with Rule 6 of the Court of Appeals.

## Conclusion

Finding that this Court does not have subject matter jurisdiction, we dismiss this appeal. Costs of this appeal are taxed against the Appellant, Jason Sherwood.

_____
J. STEVEN STAFFORD, J.