IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 9, 2013 Session[1]

## LAURENCE R. DRY v. CHRISTI LENAY FIELDS STEELE ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0060      John D. McAfee, Judge**

_____

**No. E2013-00291-COA-R3-CV-FILED-JANUARY 28, 2014**

_____

The plaintiff, a licensed attorney, filed this pro se third party action two weeks before his death on May 17, 2012. The defendants filed a suggestion of death under Tenn. R. Civ. P. 25.01. When no motion for substitution was filed during the prescribed time period, the defendants filed a motion to dismiss. At the hearing on the motion, the decedent's surviving spouse, who had practiced law with him, appeared by telephone and informed the trial court that she was not a party and was not representing the decedent or his estate with respect to the plaintiff's third party complaint. Despite these representations, she asserted that the court should hear her argument as to why her late husband's action should not be dismissed. The trial court dismissed the action for failure to timely seek substitution of party, and also granted defendants' motion for judgment on the pleadings. The surviving spouse filed a notice of appeal. We hold that the defendants provided proper notice under Rule 25.01 by mailing a copy of the suggestion of death to the law firm address of decedent and his surviving spouse. We further hold that decedent's surviving spouse did not have standing to file this appeal because (1) she was not a party, (2) did not represent her decedent husband, and (3) did not represent his estate, which had not been opened when the trial court entered its final judgment. We affirm the judgment of the trial court and dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Appeal Dismissed**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Wanda McClure Dry, Danville, Kentucky, for the appellant, Laurence R. Dry.

_____

[1]This case was argued at the Lincoln Memorial University Duncan School of Law as a part of the Court's CASE Project. CASE is an acronym for "Court of Appeals Affecting Student Education."

Wynne du M. Caffey, Knoxville, Tennessee, for the appellees, Christi Lenay Fields Steele, Randall E. Pearson, M.D., and Laurence Thomas O'Connor, Jr., M.D.

Edward G. White, II, and Joshua J. Bond, Knoxville, Tennessee, for the appellees, Jeffrey A. Woods and State Volunteer Mutual Insurance Company.

Darryl G. Lowe, Knoxville, Tennessee, for the appellees, Joshua R. Walker and Jeffery Scott Griswold.

**OPINION**

I.

This case has a complicated history involving several inter-related lawsuits. On September 25, 2008, Paul Koczera and his wife, Jolene Koczera, filed a medical malpractice action against Dr. Laurence Thomas O'Connor, Jr., and his employer, Tennessee Urology Associates ("TUA").[2] The Koczeras were represented by Dr. Lawrence Dry[3] and Wanda McClure Dry, husband and wife, who practiced law together. Dr. O'Connor filed a motion to dismiss for insufficient service of process, which the trial court granted on June 11, 2010. On September 9, 2010, the Koczeras, again represented by the Drys, filed an action for interference with service of process against TUA, Dr. Randall E. Pearson, an employee or agent of TUA, and Christi Lenay Fields Steele, TUA's office manager. On June 29, 2011, the trial court granted summary judgment to all defendants in this interference with service action.

On February 22, 2012, TUA, Pearson, and Steele filed a malicious prosecution action against the Koczeras and the Drys. The Drys filed an answer on May 3, 2012, in which they listed their law firm's address at 140 East Division Road in Oak Ridge. That same day, Dr. Dry, acting pro se and solely upon his own behalf, filed a third-party complaint against O'Connor, Pearson, Steele, Joshua R. Walker and Jeffery Scott Griswold – the last two named parties being attorneys for O'Connor, State Volunteer Mutual Insurance Company ("SVMIC"), O'Connor's malpractice insurance carrier, and Jeffrey A. Woods, SVMIC's claims attorney. Dr. Dry's third-party complaint included claims for abuse of process, interference with Dr. Dry's business, malicious prosecution, and conspiracy. The third-party

---

[2]Tennessee Urology Associates was apparently misidentified in the complaint as "Oak Ridge Urology Associates," but the misnomer is of no consequence on this appeal.

[3]Dr. Lawrence was both a licensed medical doctor and a licensed attorney.

complaint also listed Dr. Dry's address as Laurence R. Dry, M.D., J.D. & Associates, at the same 140 East Division Road, Oak Ridge address.

As previously noted, Dr. Dry died on May 17, 2012, two weeks after filing his pro se third-party complaint. On May 25, 2012, SVMIC and Woods filed a suggestion of death with the trial court pursuant to Tenn. R. Civ. P. 25.01, which provides as follows:

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

A copy of the suggestion of death was served on all parties and also on Ms. Dry at the Dry law firm's Oak Ridge address.

On October 16, 2012, Ms. Dry sent a letter to counsel for SVMIC and Woods, notifying them of her change of address from 140 East Division Road in Oak Ridge to "Wanda M. Dry, the Dry Law Firm, P.O. Box 2122, Danville, KY." On November 13, 2012, Walker and Griswold filed a motion to dismiss Dr. Dry's third-party complaint for failure to file a motion for substitution within the 90-day window provided by Tenn. R. Civ. P. 25.01. Walker and Griswold also filed a motion for judgment on the pleadings. Copies of the motions to dismiss for failure to substitute and for judgment on the pleadings were mailed to Ms. Dry at both her Oak Ridge and Danville addresses. All of the remaining defendants later joined in Walker and Griswold's motion to dismiss for failure to substitute.

A hearing on the defendants' motions to dismiss was scheduled for December 20, 2012. A few days before the hearing, Ms. Dry called the trial court and asked for permission to appear at the hearing by telephone. The trial court agreed to allow her telephonic appearance. At the beginning of the December 20 hearing, Ms. Dry stated the following:

> I just want to make sure that it gets on the record that I'm appearing today just as the attorney for myself in the – as a defendant. I'm not representing [Dr. Dry] in any way or his

-3-

estate or anything to do with that. I think all of these motions are against him or his estate. He's a pro se defendant or a pro se party.

THE COURT: Okay. And so, are you a party in this action?

MS. DRY: No.

Ms. Dry further clarified that an estate had not been opened for Dr. Dry at that point, and that she was "not the executrix of the estate or the administrator of the estate."

The trial court allowed Ms. Dry to make statements and argument at the hearing despite her lack of standing as a party or legal counsel for a party. After the hearing, the trial court granted the motions. The trial court entered judgment on December 28, 2012, dismissing Dr. Dry's third-party complaint. On January 14, 2013, Ms. Dry filed in the trial court a notice of appearance as counsel for Dr. Dry, who as of then had been deceased for eight months. Ms. Dry then filed a notice of appeal on January 16, 2013.

On May 6, 2013, Ms. Dry filed in this Court a motion to consider post-judgment facts, which states as follows:

> Appellant, Laurence R. Dry, M.D., J.D., ("Dr. Dry") by and through counsel, pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure, respectfully moves this Honorable Court to consider the post-judgment facts that Wanda M. Dry was appointed as Administrator ad litem for this cause of action on March 7, 2013 . . . and is now serving as counsel for [Dr. Dry].
>
> As grounds for this Motion, Appellant states it is necessary to update the factual record because the Order appointing Ms. Dry as Administrator ad litem was entered after the dismissal of all of Appellant's claims in the trial court . . . Ms. Dry was appointed as Administrator ad litem in response to her Petition for Appointment of Administrator ad litem submitted February 27, 2013, to the Chancery Court of Anderson County . . . .
>
> Appellant respectfully requests that this Court acknowledge that Wanda M. Dry was appointed as Administrator ad litem for this cause of action on March 7, 2013, and is now serving as counsel for Appellant.

-4-

II.

Ms. Dry raises the following issues on appeal, as quoted from her brief:

> 1. Did Ms. Wanda Dry have standing, as the widow of . . . Dr. Dry, to file the Notice of Appeal, and have standing now, as the widow and as the administrator ad litem and counsel for administrator ad litem, to continue the pursuit of this appeal?

> 2. Did having an ex parte hearing on . . . Defendants' Motions to Dismiss for Failure to Substitute violate . . . Dr. Dry's federal and state constitutional due process rights?

> 3. Were the Motions to Dismiss for Failure to Substitute granted in error because the administrator ad litem was not represented at the hearing and was not allowed to present proof that the ninety day window for filing the Motion to Substitute had not yet passed, and that, even if it had, an enlargement of time should have been granted?

> 4. Did T.R.C.P. 25.01(1), as applied, violate Dr. Dry's state and federal constitutional due process rights and his equal protection rights?

> 5. Was the ex parte hearing on . . . Defendants' Motions for Judgment on the Pleadings improper and did it result in the wrong conclusion?

III.

In this non-jury case, our review is de novo upon the record, with a presumption of correctness as to any factual determinations made by the trial court, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Murfreesboro Med. Clinic, P.A. v. Udom*, 166 S.W.3d 674, 678 (Tenn. 2005). The trial court's conclusions of law, however, are accorded no such presumption. *Udom*, 166 S.W.3d at 678; *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The issue in this case involves the interpretation of Tenn. R. Civ. P. 25.01, which is a question of law. *See Dobbins v. Green*, No. W2012-00460-COA-R3-CV, 2013 WL 1149574 at *3 (Tenn. Ct. App. W.S., filed Mar. 20, 2013); *Williams v. Williams*, No. E2012-00162-COA-R3-CV, 2012 WL 3986328 at *1 (Tenn. Ct. App. E.S.,

filed Sept. 12, 2012); ***Sowell v. Estate of Davis***, No. W2009-00571-COA-R3-CV, 2009 WL 4929402 at *3 (Tenn. Ct. App. W.S., filed Dec. 21, 2009).

In ***Douglas v. Estate of Robertson***, a case in which the Supreme Court construed and applied Rule 25.01, the High Court observed that

> [t]rial courts are afforded broad judicial discretion in procedural matters in order to expedite litigation and to preserve fundamental rights of the parties. An appellate court will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining.

876 S.W.2d 95, 97 (Tenn. 1994).

## IV.

We first address the issue of whether the trial court correctly granted the defendants' motion to dismiss for failure to file a motion for substitution within 90 days after the defendants filed a suggestion of death. Ms. Dry argues that the 90-day period provided in Tenn. R. Civ. P. 25.01 was not triggered because the defendants did not properly serve notice of the suggestion of death. We disagree. The defendants served notice by filing the suggestion of death with the trial court and by mailing a copy to all parties. A copy of the suggestion of death was mailed to the Dry law firm at its Oak Ridge address. At that time, Ms. Dry was a co-defendant with Dr. Dry in the malicious prosecution action; co-counsel with Dr. Dry representing the Koczeras as defendants in the malicious prosecution action; and Dr. Dry's surviving spouse. The Drys had filed several documents with the trial court in the malicious prosecution action, all of which listed their address as 140 East Division Road in Oak Ridge. There is no indication in the record that another address should have been used to notify the Drys of the filing of the suggestion of death.

Moreover, the Dry law firm actually received the notice and copy of the suggestion of death. When asked by the trial court whether she had been served with the suggestion of death, Ms. Dry said, "I think that we got, you know, I got a collection of papers that had been mailed to me and then forwarded to me." Ms. Dry admitted at oral argument that the Dry law firm was open and operating at its Oak Ridge address at the time the suggestion of death was mailed. Ms. Dry's appellate brief states that "[w]hile Ms. Dry may technically have received a copy of the Suggestion of Death, she has no recollection of seeing it prior to the end of the Ninety (90)-day window in which to file the Motion to Substitute." (Citation to record

omitted.) Under these circumstances, we hold that the defendants provided sufficient and proper notice under Tenn. R. Civ. P. 25.01.

After Ms. Dry gave notice of her change of address, the defendants mailed a copy of their subsequent motion to dismiss for failure to timely substitute to both her Oak Ridge address and her new Danville, Kentucky address. It is apparent that Ms. Dry had notice of the hearing on the motion, because she called the trial court several days before the hearing and obtained permission to appear by telephone. At the hearing, Ms. Dry took great pains to make it clear that she was not a party to Dr. Dry's third-party action, that she was not representing Dr. Dry in any capacity, and that no estate had been opened at that time. Despite the fact that Ms. Dry, by her own assertions, demonstrated no standing to be involved in the defendants' motions, the trial court allowed her to participate at the hearing and argue regarding the applicability of Rule 25.01.

Rule 25.01 unambiguously mandates that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action *shall be dismissed as to the deceased party*." (Emphasis added.) This Court has recently observed that " 'the plain language in Rule 25.01 mandates a dismissal for failure to comply with the Rule's requirement that a proper party be timely substituted for a deceased party.' " **Williams**, 2012 WL 3986328 at *2 (quoting **Sowell**, 2009 WL 4929402 at *3). In **Williams**, we were presented with a fact pattern similar to the present case. In that case, we stated:

> The record on appeal reveals that Regions Bank filed the Suggestion of Death on May 11, 2011. This filing triggered the ninety day period within which to file a motion for substitution pursuant to Tenn. R. Civ. P. 25.01. Thus, the parties or "the successors or representatives of [Plaintiff] . . ." had until August 9, 2011 to file a motion for substitution of proper party. No motion for substitution of proper party was filed. The Trial Court held its hearing on the Motion for Voluntary Dismissal and the Motion for Summary Judgment on December 22, 2011, more than ninety days after the filing of the Suggestion of Death.
>
> \*        \*        \*
>
> Given the mandatory language of Rule 25.01, the Trial Court should have dismissed Plaintiff's action pursuant to Tenn. R. Civ. P. 25.01, rather than granting either Plaintiff's Motion for

Voluntary Dismissal or Regions Bank's Motion for Summary Judgment. We, therefore, vacate the Trial Court's judgment and dismiss this case pursuant to Tenn. R. Civ. P. 25.01.

2012 WL 3986328 at *2-3 (brackets in original); *see also* **Dobbins**, 2013 WL 1149574 at *4 ("The **Williams** holding is clear – Tennessee Rule of Civil Procedure 25.01 embodies a[n] unambiguous procedural mechanism for the dismissal of civil actions when the trial court determines that, in the absence of excusable neglect, a party has failed to file a timely motion for substitution of party following the filing of a suggestion of death."). In this case, no motion for substitution was filed following the suggestion of Dr. Dry's death, either within 90 days or thereafter. The trial court correctly applied Rule 25.01 and did not abuse its discretion in dismissing Dr. Dry's third-party complaint for failure to timely move for substitution.

Ms. Dry had clear avenues for potential relief in the trial court. As the Supreme Court stated twenty years ago,

Rule 25.01 clearly directs the dismissal of an action if no motion for substitution of parties is made within 90 days after suggestion of death upon the record. However, Rule 6.02, Tenn. R. Civ. P. grants the trial judge broad discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure. Rule 6.02 states in pertinent part:

When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure was the result of excusable neglect . . .

\*       \*       \*

-8-

> Tenn. R. Civ. P. 6.02 grants the trial judge wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time. Cause must be shown, to which we add the requirement that it must be reasonable cause. The largesse may be granted even if application is made after the expiration of the specified period allowed to make the request where the failure was the result of excusable neglect.

*Douglas*, 876 S.W.2d at 97-98. Thus, Ms. Dry could have filed a motion under Rule 6.02 to enlarge the procedural 90-day time limitation on the ground that the failure to file a motion to substitute was the result of excusable neglect. Moreover, the trial court told Ms. Dry that it was amenable to considering a motion to reconsider its ruling that Dr. Dry's third-party action should be dismissed, stating the following at the hearing:

> What I would suggest that you do is if you're going to retain counsel in reference to this matter, and it may be that somebody may want to file a motion for reconsideration, I have no earthly idea what you all are going to do, but I'm inclined to grant [defendants'] motions as have been argued here based upon my review of the record . . .
>
> *       *       *
>
> [Defendants' counsel are] going to go ahead and prepare orders and they're going to forward those orders to you. I suggest that you take that – take it to a lawyer.
>
> If you want to file something for reconsideration, I'll be more than happy to consider it once a lawyer gets involved in the matter.

Ms. Dry did not file a motion to alter or amend or otherwise ask the court to reconsider. The trial court's order of dismissal was a final judgment upon its entry on December 28, 2012. The 30-day period for filing a notice of appeal started on that date.

At the time of the trial court's entry of final judgment, Ms. Dry did not have authority or standing to file a notice of appeal. As already discussed, she was not a party to the action, nor did she represent Dr. Dry. Because the estate had not been opened, there was no estate to be represented and Ms. Dry clearly told the court that she did not represent his estate. We

are of the opinion that Ms. Dry's entry of a notice of appearance as counsel for Dr. Dry, filed with the trial court on January 14, 2013, was ineffective and did not provide her authority to file a notice of appeal on his behalf. It is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person. Furthermore, Tenn. Code Ann. § 30-1-101 provides that "[n]o person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." This had not been done at the time of the final judgment.

Ms. Dry's actions in petitioning the trial court to be appointed administrator ad litem and hiring herself as counsel for administrator ad litem came too late to save this appeal. According to her motion to consider post-judgment facts, she was appointed administrator ad litem on March 7, 2013, approximately five weeks after the 30-day period for filing a notice of appeal had expired. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right . . ., the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from"). "The time limit set out in Rule 4 is jurisdictional in a civil case [and] this court has no discretion to expand the time limit set out in Rule 4." ***First Nat'l Bank of Polk Cnty. v. Goss***, 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995); *accord **In re Jayden B.-H.***, No. E2013-00873-COA-R3-PT, 2013 WL 4505389 at *1 (Tenn. Ct. App. E.S., filed Aug. 21, 2013). We acknowledged in ***Goss*** "that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Rule 60.02, T.R.C.P., to parties who failed to file their notice of appeal within the period of time provided for in the Tennessee Rules of Appellate Procedure," but that such relief "relating to timeliness of an appeal is available only under the most unusual, rare, compelling and propitious circumstances." 912 S.W.2d at 149, 151. In any event, Ms. Dry did not seek relief under Rule 60.02 from the trial court.

Our holding that Ms. Dry did not have standing to appeal is dispositive and renders moot the remainder of her issues. Even if this were not the case, she has waived these issues by failing to raise them with the trial court.

V.

The judgment of the trial court is affirmed and this appeal is dismissed. Costs on appeal are assessed to the appellant, Wanda McClure Dry. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE

-10-