IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2021 Session

**TREVOR SETH ADAMSON ET AL. V. SARAH E. GROVE ET AL.**

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2020-CV-906    Joe Thompson, Judge**

_____

**No. M2020-01651-COA-R3-CV**
_____

This appeal involves the sufficiency of a notice of appeal that arose out of one of two actions that were consolidated at the trial court. Plaintiff listed only one of the case numbers from the consolidated cases in his notice of appeal. Because he articulates no issues stemming from the dismissal of the case number he designated, we dismiss this appeal and affirm the judgment of the trial court. The cause is remanded for calculation of the attorney's fees incurred by the defendants in defending this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed,**
**Case Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Kent Thomas Jones, Cleveland, Tennessee, for the appellant, Trevor Seth Adamson.

Daniel Alexander Horwitz, Nashville, Tennessee, for the appellees, Sarah E. Grove, Karl S. Bolton, and Deborah A. Sangetti.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Janet Irene M. Kleinfelter, Deputy Attorney General, for the appellee, State of Tennessee.

FACTUAL AND PROCEDURAL HISTORY

This appeal involves the sufficiency of a notice of appeal that identified only one case in a set of cases that had been consolidated in the trial court. In the first suit, political activist Trevor Adamson filed a complaint in Sumner County Circuit Court against three fellow political activists, Sarah Grove, Deborah Sangetti, and Karl Bolton ("Defendants"), who had posted comments on Facebook that were critical of Mr. Adamson's efforts to organize a rally against police brutality and racism. The complaint sought an injunction and $800,000 in compensatory and punitive damages for these comments, alleging that the Defendants' speech constituted invasion of privacy; defamation; intentional interference with current and prospective business relations; civil conspiracy to defame; and intentional infliction of emotional distress, resulting in severe damage to his mental and emotional health as well as to his future job opportunities and community reputation. The complaint, which was assigned case number 83CC1-2020-CV-616, was amended once as a matter of course and was dismissed without prejudice on Mr. Adamson's motion.

The Defendants then filed a motion to alter or amend the judgment combined with a Tennessee Public Protection Act ("TPPA") petition, seeking to have the complaint dismissed with prejudice.[2] The motion asserted that the actions Mr. Adamson complained of were constitutionally protected free speech and that the Defendants could establish a valid defense to his claims; therefore, the TPPA, Tenn. Code Ann. § 20-17-101 to -110, entitled them to a dismissal with prejudice and to recover their attorney's fees and costs.[3] The petition sought $24,000 in sanctions against Mr. Adamson.

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The TPPA's purpose "is to encourage and safeguard the constitutional rights of persons to petition, to speak freely, to associate freely, and to participate in government to the fullest extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injury." Tenn. Code Ann. § 20-17-102. The TPPA "is more commonly known as an 'anti-SLAPP' statute"; the term "SLAPP" stands for "strategic lawsuits against public participation" — meritless suits that discourage the exercise of constitutional rights or punish those who have done so. *Nandigam Neurology, PLC v. Beavers*, No. M2020-00553-COA-R3-CV, 2021 WL 2494935, at *3-4 (Tenn. Ct. App. June 18, 2021).

[3] Tennessee Code Annotated section 20-17-104(a) provides, "If a legal action is filed in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may petition the court to dismiss the legal action." Section 20-17-105 sets forth the burden of proof and procedure for resolution of such a petition; once the defendant meets the initial burden of demonstrating that the legal

Most pertinent to this appeal is a pleading that Mr. Adamson and his fiancé Samantha Myers, both acting pro se at the time, filed; it named as defendants the same three Defendants as in the prior case, as well as their attorney. The pleading is not a model of clarity but appears to restate a cause of action for defamation as well as to state a new claim for theft of services, a criminal offense they alleged resulted from the Defendants' use of GoFundMe, an online crowdfunding platform, to fund their legal defense; it also alleged a violation of the Rules of Professional Conduct by the Defendants' attorney. Mr. Adamson and Ms. Myers additionally alleged that their prior attorney, who was not named as a defendant, had "denied us proper representation in our case."

Because the pleading named new parties as plaintiffs and as defendants and stated new causes of action, it was assigned a new case number, 83CC1-2020-CV-906. After a hearing at which Mr. Adamson told the trial court he intended the pleading to be construed as a response to the Defendants' combined motion to alter or amend and TPPA petition, the court entered an order stating that it would construe his pleading as such. The order consolidated the two cases and permitted Mr. Adamson the opportunity to file a second response to the Defendants' petition, an opportunity he later took. The court also struck Ms. Myers and the Defendants' attorney as well as "any claims regarding them" from the action. By order entered November 17, 2020, the trial court directed that a final judgment be entered in case numbers 83CC1-2020-CV-616 and 83CC1-2020-CV-906, as well as in another case, number 83CC1-2020-CV-818, which involved these same parties but was not consolidated at the trial court level and is not involved in this appeal.[4]

The time for filing an appeal in any of the cases adjudicated by the November 17 order expired on December 17, 2020. Mr. Adamson timely filed his notice of appeal on December 11. That notice of appeal lists only one case number: 83CC1-2020-CV-906. The Defendants filed a motion to dismiss the appeal, on the basis that the doctrine of res judicata, or alternatively, the doctrine of mootness, prevented this Court's consideration of the appeal, as the issues Mr. Adamson had indicated he intended to raise all related to the dismissal with prejudice of his claims in case number 83CC1-2020-CV-616. We deferred ruling on the motion until briefing and oral argument were complete.

---

action was based on the exercise of the right to free speech, the burden shifts to the plaintiff to establish a prima facie case for each essential element of the claim in the legal action. Tenn. Code Ann. § 20-17-105(a), (b).

[4] With respect to the initial defamation lawsuit (case number 83CC1-2020-CV-616), the November 17 order dismissed Mr. Adamson's complaint with prejudice, thereby granting both the Defendants' motion to alter or amend and their TPPA petition. The court held that Mr. Adamson's responses did not introduce admissible evidence that established a prima facie case for each essential element of the speech-based tort-claims in his amended complaint, nor did the responses introduce admissible evidence sufficient to overcome the Defendants' valid defenses. The trial court awarded the Defendants their attorney's fees in the amount of $15,000 and assessed sanctions against Mr. Adamson in the amount of $24,000 "to deter repetition of the conduct by the party who brought the legal action or by others similarly situated."

ANALYSIS

The contents of the notice of appeal are governed by Rule 3 of the Tennessee Rules of Appellate Procedure, which provides:

> Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal by naming each one in the caption or body of the notice (but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X"), shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. The notice of appeal should include a list of the parties upon whom service of notice of docketing of the appeal is required by Rule 5 of these rules. An appeal shall not be dismissed for informality of form or title of notice of appeal.

TENN. R. APP. P. 3(f). "'[T]he guiding principle must be whether the notice of appeal provided the notice which is its purpose.'" *In re NHC—Nashville Fire Litig.*, 293 S.W.3d 547, 559 (Tenn. Ct. App. 2008) (quoting *Thompson v. Logan,* No. M2005-02379-COA-R3-CV, 2007 WL 2405130 at *16 (Tenn. Ct. App. Aug. 23, 2007).

At the outset, we note that this appeal is not subject to dismissal for informality of the notice of appeal's form or title; it is perfectly titled as "Notice of Appeal" and indicates no lack of formality, as Mr. Adamson's counsel used the form prescribed by the Administrative Office of the Courts. Mr. Adamson's notice of appeal plainly states that he was appealing the case of "Trevor Seth Adamson (et. al) v. Sarah E. Grove (et. al)" and lists the trial court case number as "83CC1-2020-CV-906." The use of "Trevor Seth Adamson (et. al)" in the case style supports a conclusion that he intended to appeal only case number 83CC1-2020-CV-906, as only that case ever contained more than one plaintiff. The notice of appeal is quite clear and conveys that Mr. Adamson appealed case number 83CC1-2020-CV-906, the case involving his pro se complaint that was summarily dismissed by the November 17 order.

Apparently recognizing the fatal nature of his failure to appeal case number 83CC1-2020-CV-616, Mr. Adamson argues that "the E-file system only allows you to appeal one (1) case number"; that "the cases 83CC1-2020-CV-616 and 83CC1-2020-CV-818 and 83CC1-2020-[CV-]906 were consolidated into that last file number, 83CC1-2020-[CV-]906"; and that "we simply appealed the *Final Order*, which is all there was to appeal." First, Mr. Adamson's position — that the e-filing system is to blame for his failure to list the other case number because it "only allows you to enter in one case number" — is entirely devoid of merit. The form in which he typed the case number permits more than one case number to be entered, as the Defendants' counsel has aptly demonstrated in his pleadings filed with this Court and as this Court has confirmed. Moreover, Mr. Adamson's

counsel printed out the notice of appeal and signed and dated it in his own handwriting before scanning the document for upload and e-filing. He could have handwritten the case number on the notice of appeal along with his signature and date without problem, had he noticed his oversight.

More importantly, Mr. Adamson's argument that case number 83CC1-2020-906 was "all there was to appeal" demonstrates a fundamental misunderstanding of the concept of consolidation, which "'does not create one action . . . [but] simply allows a single trial of common issues and permits joint discovery for purposes of judicial economy.'" *Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.*, 525 S.W.3d 252, 258 (Tenn. Ct. App. 2016) (quoting *McMillin v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00342-COA-R3-CV, 2009 WL 749214, at *3 (Tenn. Ct. App. Mar. 23, 2009)). "'When cases have been consolidated, the issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases had been heard separately.'" *Id.* (quoting *Webb v. Poynter*, No. 02A01-9707-CV-00168, 1999 WL 145257, at *4 (Tenn. Ct. App. Mar. 18, 1999)). Importantly, an appeal of the order of one case in a set of consolidated cases "does not constitute an appeal of the [remaining cases]." *Id.* at 259. Accordingly, Mr. Adamson's appeal of case number 83CC1-2020-CV-906 does not constitute an appeal of case number 83CC1-2020-CV-616.

Upon recognizing his failure to appeal case number 83CC1-2020-CV-616 within 39 days of the entry of the final judgment, the appropriate course of action would have been to seek relief in the trial court, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. *See First Nat'l Bank of Polk Cnty. v. Goss*, 912 S.W.2d 147, 151 (Tenn. Ct. App. 1995); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985) ("[I]t is now settled that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Tenn. R. Civ. P. 60.02 to parties who failed to file their notice of appeal within the period provided for in Tenn. R. App. P. 4(a)."). Had Mr. Adamson (or more specifically, his counsel) put forth proof demonstrating excusable neglect, the trial court could have possibly granted the motion, vacated its final order, and entered a new one, thereby restarting the time period for filing a notice of appeal in case number 83CC1-2020-CV-616. *Jefferson*, 699 S.W.2d at 184-85. Mr. Adamson's counsel did not file a Rule 60 motion seeking such relief.[5] Instead, counsel doubled down on his

_____

[5] Mr. Adamson filed a Rule 59.04 motion to alter or amend, but it was filed on February 12, 2021, well past the 30-day time period prescribed for such motions. While the motion also cited Rule 60 in reference to requesting modification of an order granting Defendants' motion to compel (concerning discovery), it did not rely on Rule 60 or otherwise seek relief concerning Mr. Adamson's desire to appeal the final judgment entered in case number 83CC1-2020-CV-616. The motion merely referenced in passing Mr. Adamson's counsel's struggles with the electronic filing system utilized to file his notice of appeal. In the motion to alter or amend, Mr. Adamson also attempted to raise new (and frankly, baffling) legal issues relating to the constitutionality of the TPPA. A Rule 59 motion should not be used to raise new or unasserted theories or legal arguments. *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). No ruling on the belated motion to alter or amend appears in the record on appeal.

position that the e-filing system is to blame. He discusses this only in the Introduction section of his amended brief and requests that this Court consider his listing only one case number in the notice of appeal as "clerical error and/or excusable neglect due to technological issues with the relatively new system." He cites Rules 60.01 and 60.02 of the Tennessee Rules of Civil Procedure in support of this statement but fails to cite to any proof, in the form of affidavits or otherwise, demonstrating that the circumstances are extraordinary and constitute excusable neglect warranting relief. And he would have a high burden to meet, as this Court has noted that "[t]he mere unilateral inadvertence or mistake of counsel is generally not considered to be 'excusable neglect.'" *Id*. at 185.

Ultimately, Mr. Adamson had not appealed the court's judgment in case 83CC1-2020-CV-616, and we are without jurisdiction to consider the host of issues he raises,[6] as they all arise from the court's now final decision in case number 83CC1-2020-CV-616 and not the case actually before us. *See Jefferson*, 699 S.W.2d at 184; *see also Arfken & Assoc., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002). Mr. Adamson's appeal does not raise a single issue stemming from the dismissal of his pro se complaint in case number 83CC1-2020-CV-906 and therefore renders this appeal moot. Accordingly, the Defendants' motion to dismiss the appeal has merit. We affirm the judgment of the trial court dismissing the case.

That brings us to a consideration of the Defendants' sole issue raised on appeal: whether they are entitled to the attorney's fees they incurred in defending this appeal. They contend they are entitled to them on two statutory grounds: the TPPA, Tenn. Code Ann. § 20-17-107(a), and the frivolous appeals statute, Tenn. Code Ann. § 27-1-122. As we have affirmed the underlying dismissal of case number 83CC1-2020-CV-906, which ultimately stems from Mr. Adamson's attempts to avoid the application of the TPPA, and also in light of the deficiencies in his brief that would have precluded our review of most of the issues he raises (but which Defendants nonetheless had to respond to), we hold that both statutes provide a basis for an award of fees. We remand this matter to the trial court for calculation of the amount of reasonable fees incurred in defending this appeal to be awarded to the Defendants.

---

[6] Many of the issues Mr. Adamson raises were not raised in the trial court or are not adequately briefed on appeal, which would result in the waiver of our consideration of those issues even if we did have jurisdiction. *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006); TENN. R. APP. P. 27; TENN. R. CT. APP. 6(a), (b).

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the Appellant, Trevor Seth Adamson, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE