IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2016 Session

## RANDALL E. PEARSON, M.D., ET AL. v. PAUL KOCZERA ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0060     John D. McAfee, Judge**

No. E2015-02081-COA-R3-CV-FILED-SEPTEMBER 23, 2016

This appeal arises from the trial court's determination that it was without jurisdiction, following a prior appeal in the same matter, to act upon a motion seeking to alter or vacate an order entered after remand. The administrator *ad litem* for the third-party plaintiff has appealed from the trial court's order determining that it lacked jurisdiction to act on her motion following remand. We determine that the trial court did possess jurisdiction to act on pending motions following the remand from the appellate courts. We therefore vacate the trial court's order and remand this case for further proceedings. We also vacate the trial court's order granting sanctions against the administrator *ad litem* for filing her motion to alter or vacate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and ARNOLD B. GOLDIN, JJ., joined.

Wanda McClure Dry, as Administrator *Ad Litem* on behalf of Laurence R. Dry, M.D., J.D., Danville, Kentucky, Pro Se.

Wynne du M. Caffey; John T. Rice; Edward G. White, II; Joshua J. Bond; and Darryl G. Lowe, Knoxville, Tennessee, for the appellees, Christi Lenay Fields Steele; Randall E. Pearson, M.D.; Laurence Thomas O'Connor, Jr., M.D.; Joshua R. Walker; Jeffrey Scott Griswold; Jeffrey A. Woods; and State Volunteer Mutual Insurance Company.

**OPINION**

## I. Factual and Procedural Background

This is the second appeal in this matter, which began as a malicious prosecution action filed against Paul and Jolene Koczera and their attorneys, Laurence and Wanda Dry. The Koczeras, with the aid of their attorneys, the Drys, had previously filed a medical malpractice action in 2008 against Dr. Laurence Thomas O'Connor, Jr., and Tennessee Urology Associates, PLLC ("TUA"). That lawsuit was allegedly dismissed for insufficient service of process. In 2010, the Koczeras, again represented by the Drys, filed an action for interference with service of process against Dr. Randall Pearson, Christie Lenay Fields Steele, and TUA. The trial court purportedly granted summary judgment to all defendants in that action.

In the prior appeal, this Court summarized facts and procedural history pertinent here as follows:

> On February 22, 2012, TUA, Pearson, and Steele filed a malicious prosecution action against the Koczeras and the Drys. The Drys filed an answer on May 3, 2012, in which they listed their law firm's address at 140 East Division Road in Oak Ridge. That same day, Dr. Dry, acting pro se and solely upon his own behalf, filed a third-party complaint against O'Connor, Pearson, Steele, Joshua R. Walker and Jeffery Scott Griswold— the last two named parties being attorneys for O'Connor, State Volunteer Mutual Insurance Company ("SVMIC"), O'Connor's malpractice insurance carrier, and Jeffrey A. Woods, SVMIC's claims attorney. Dr. Dry's third-party complaint included claims for abuse of process, interference with Dr. Dry's business, malicious prosecution, and conspiracy. The third-party complaint also listed Dr. Dry's address as Laurence R. Dry, M.D., J.D. & Associates, at the same 140 East Division Road, Oak Ridge address.

> As previously noted, Dr. Dry died on May 17, 2012, two weeks after filing his pro se third-party complaint. On May 25, 2012, SVMIC and Woods filed a suggestion of death with the trial court pursuant to Tenn. R. Civ. P. 25.01, which provides as follows:

> > (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in

the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

A copy of the suggestion of death was served on all parties and also on Ms. Dry at the Dry law firm's Oak Ridge address.

On October 16, 2012, Ms. Dry sent a letter to counsel for SVMIC and Woods, notifying them of her change of address from 140 East Division Road in Oak Ridge to "Wanda M. Dry, the Dry Law Firm, P.O. Box 2122, Danville, KY." On November 13, 2012, Walker and Griswold filed a motion to dismiss Dr. Dry's third-party complaint for failure to file a motion for substitution within the 90-day window provided by Tenn. R. Civ. P. 25.01. Walker and Griswold also filed a motion for judgment on the pleadings. Copies of the motions to dismiss for failure to substitute and for judgment on the pleadings were mailed to Ms. Dry at both her Oak Ridge and Danville addresses. All of the remaining defendants later joined in Walker and Griswold's motion to dismiss for failure to substitute.

A hearing on the defendants' motions to dismiss was scheduled for December 20, 2012. A few days before the hearing, Ms. Dry called the trial court and asked for permission to appear at the hearing by telephone. The trial court agreed to allow her telephonic appearance. At the beginning of the December 20 hearing, Ms. Dry stated the following:

> I just want to make sure that it gets on the record that I'm appearing today just as the attorney for myself in the—as a defendant. I'm not representing [Dr. Dry] in any way or his estate or anything to do with that. I think all of these motions are against him or his estate. He's a pro se defendant or a pro se party.
>
> THE COURT: Okay. And so, are you a party in this action?
>
> MS. DRY: No.

Ms. Dry further clarified that an estate had not been opened for Dr. Dry at that point, and that she was "not the executrix of the estate or the

3

administrator of the estate."

The trial court allowed Ms. Dry to make statements and argument at the hearing despite her lack of standing as a party or legal counsel for a party. After the hearing, the trial court granted the motions. The trial court entered judgment on December 28, 2012, dismissing Dr. Dry's third-party complaint. On January 14, 2013, Ms. Dry filed in the trial court a notice of appearance as counsel for Dr. Dry, who as of then had been deceased for eight months. Ms. Dry then filed a notice of appeal on January 16, 2013.[1]

On May 6, 2013, Ms. Dry filed in this Court a motion to consider post-judgment facts, which states as follows:

> Appellant, Laurence R. Dry, M.D., J.D., ("Dr. Dry") by and through counsel, pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure, respectfully moves this Honorable Court to consider the post-judgment facts that Wanda M. Dry was appointed as Administrator ad litem for this cause of action on March 7, 2013 . . . and is now serving as counsel for [Dr. Dry].
>
> As grounds for this Motion, Appellant states it is necessary to update the factual record because the Order appointing Ms. Dry as Administrator ad litem was entered after the dismissal of all of Appellant's claims in the trial court . . . Ms. Dry was appointed as Administrator ad litem in response to her Petition for Appointment of Administrator ad litem submitted February 27, 2013, to the Chancery Court of Anderson County . . . .
>
> Appellant respectfully requests that this Court acknowledge that Wanda M. Dry was appointed as Administrator ad litem for this cause of action on March 7, 2013, and is now serving as counsel for Appellant.

*Dry v. Steele*, No. E2013-00291-COA-R3-CV, 2014 WL 295777, at *1-3 (Tenn. Ct. App. Jan. 28, 2014), *cert. denied,* 135 S. Ct. 405, 190 L. Ed. 2d 291 (2014) ("*Dry I*").

---

[1] We note that the December 28, 2012 order of dismissal, from which the first appeal was taken, was certified as final pursuant to Tennessee Rule of Civil Procedure 54.02 and did not adjudicate all pending claims.

4

In the first appeal, Ms. Dry raised issues regarding, *inter alia*, (1) whether the trial court erred in granting the motions to dismiss "because the administrator ad litem was not represented at the hearing and was not allowed to present proof that the ninety day window for filing the motion to substitute had not yet passed" or should be enlarged and (2) whether Tennessee Rule of Civil Procedure 25.01, as applied, violated Dr. Dry's state and federal constitutional rights. *Id.* Regarding the application of Tennessee Rule of Civil Procedure 25.01, this Court ruled that the suggestion of death filed by SVMIC and Mr. Woods was properly served upon Ms. Dry but that Ms. Dry failed to file a motion for substitution within ninety days as required by Tennessee Rule of Civil Procedure 25.01. *Id.* The Court concluded that because the plain language of Tennessee Rule of Civil Procedure 25.01 mandated dismissal of the deceased party under such circumstances, the trial court properly dismissed Dr. Dry's third-party complaint. *Id.*

This Court also determined that Ms. Dry had no standing to appeal the trial court's judgment of dismissal, stating:

> At the time of the trial court's entry of final judgment, Ms. Dry did not have authority or standing to file a notice of appeal. As already discussed, she was not a party to the action, nor did she represent Dr. Dry. Because the estate had not been opened, there was no estate to be represented and Ms. Dry clearly told the court that she did not represent his estate. We are of the opinion that Ms. Dry's entry of a notice of appearance as counsel for Dr. Dry, filed with the trial court on January 14, 2013, was ineffective and did not provide her authority to file a notice of appeal on his behalf. It is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person. Furthermore, Tenn. Code Ann. § 30-1-101 provides that "[n]o person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." This had not been done at the time of the final judgment.

> Ms. Dry's actions in petitioning the trial court to be appointed administrator ad litem and hiring herself as counsel for administrator ad litem came too late to save this appeal. According to her motion to consider post-judgment facts, she was appointed administrator ad litem on March 7, 2013, approximately five weeks after the 30-day period for filing a notice of appeal had expired. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right . . . , the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from"). "The time limit set out in Rule 4 is jurisdictional in a civil case [and] this court has no discretion to expand the

5

time limit set out in Rule 4." *First Nat'l Bank of Polk Cnty. v. Goss,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995); *accord In re Jayden B.-H.,* No. E2013-00873-COA-R3-PT, 2013 WL 4505389 at \*1 (Tenn. Ct. App. E.S., filed Aug. 21, 2013). We acknowledged in *Goss* "that trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Rule 60.02, T.R.C.P., to parties who failed to file their notice of appeal within the period of time provided for in the Tennessee Rules of Appellate Procedure," but that such relief "relating to timeliness of an appeal is available only under the most unusual, rare, compelling and propitious circumstances." 912 S.W.2d at 149, 151. In any event, Ms. Dry did not seek relief under Rule 60.02 from the trial court.

*Dry I*, 2014 WL 295777, at \*6-7.

Following the ruling by this Court, Ms. Dry sought permission to appeal to the Tennessee Supreme Court, which was denied on May 14, 2014. Mandate issued that same day. She then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 20, 2014. The case was remanded to the trial court.

In the meantime, while the first appeal was pending, Ms. Dry filed a motion in the trial court on April 11, 2013, seeking substitution and enlargement of the time period for filing a motion for substitution. Ms. Dry, stating that she had been appointed administrator *ad litem* for Dr. Dry's estate on March 7, 2013, requested that the trial court extend the time for filing a motion to substitute based on, *inter alia*, excusable neglect.

Following remand of this matter to the trial court, Ms. Dry sought a hearing on her motion for substitution and enlargement of time period, asserting that she had never been heard on the matter as administrator *ad litem*. Such hearing was held on June 4, 2015. On June 19, 2015, the trial court entered an order denying Ms. Dry's motion, ruling that it did not have jurisdiction to entertain the motion on remand. The original plaintiffs, Dr. Pearson, Ms. Steele, and TUA, thereafter voluntarily dismissed their malicious prosecution action. At this point, all pending claims in the trial court were resolved.

On July 16, 2015, Ms. Dry filed a motion to alter, amend, or vacate the trial court's June 19, 2015 and December 28, 2012 orders. The third-party defendants filed a response, arguing that this Court had determined in its opinion that the suggestion of death had been properly filed and served and that the trial court correctly dismissed the third-party complaint. They thus argued that the trial court was without jurisdiction to alter its prior order because this ruling had become the "law of the case." The third-party defendants also filed a joint motion for sanctions pursuant to Tennessee Rule of Civil Procedure 11, contending that Ms. Dry was attempting to relitigate issues that had

6

already been resolved.

The trial court conducted a hearing on the motions on September 25, 2015. Based on its finding of lack of jurisdiction, the court denied Ms. Dry's motion to alter, amend, or vacate the prior orders. The Court ultimately granted sanctions to the third-party defendants in the amount of $4,500. Ms. Dry timely appealed.

## II. Issues Presented

Ms. Dry presents the following issues for our review, which we have restated slightly:

1.    Whether the trial court erred by ruling that it did not have jurisdiction to hear the administrator *ad litem*'s motion filed pursuant to Tennessee Rules of Civil Procedure 59.04 and 60.02 at the September 25, 2015 hearing.

2.    Whether the trial court erred by ruling that it did not have jurisdiction to hear the administrator *ad litem*'s motion at the June 4, 2015 hearing.

3.    Whether the trial court violated the administrator *ad litem*'s constitutional rights by refusing to hear the motions.

4.    Whether the trial court abused its discretion by awarding sanctions against the administrator *ad litem* for filing a motion pursuant to Tennessee Rules of Civil Procedure 59 and 60.

## III. Standard of Review

Regarding requests for relief pursuant to Tennessee Rules of Civil Procedure 60, our Supreme Court has elucidated:

In general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure ("Tennessee Rule 60.02") pursuant to the abuse of discretion standard. *Discover Bank v. Morgan,* 363 S.W.3d 479, 487 (Tenn. 2012) (citing *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn. 2003)). We have not previously considered whether this standard applies to a trial court's ruling on a motion alleging that a judgment is void for lack of jurisdiction under Tennessee Rule 60.02(3). Nevertheless, we have previously held that

7

"[w]hether a trial court has subject matter jurisdiction over a case is a question of law that we review de novo with no presumption of correctness." *Furlough v. Spherion Atl. Workforce, LLC,* 397 S.W.3d 114, 122 (Tenn. 2013) (citing *Word v. Metro Air Servs., Inc.,* 377 S.W.3d 671, 674 (Tenn. 2012)). Moreover "[a] decision regarding the exercise of personal jurisdiction over a defendant involves a question of law" to which de novo review applies, *Gordon v. Greenview Hosp., Inc.,* 300 S.W.3d 635, 645 (Tenn. 2009), and de novo review also applies when we are interpreting the Tennessee Rules of Civil Procedure, *Thomas v. Oldfield,* 279 S.W.3d 259, 261 (Tenn. 2009).

*Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015).

## IV.  Lack of Jurisdiction

Ms. Dry asserts that the trial court erred by determining that it lacked jurisdiction[2] to hear her motion seeking relief from the court's December 2012 and June 2015 orders filed pursuant to Tennessee Rules of Civil Procedure 59 and 60. We agree with Ms. Dry that the trial court possessed jurisdiction to consider her motion, and we determine this issue to be dispositive of the appeal.

The mandate in this matter was issued by this Court on May 14, 2014, remanding the action back to the trial court. Our Supreme Court has explained that, "[w]hen an appellate court remands an action to a trial court, the trial court regains jurisdiction over the matter." *Parrish v. Marquis*, 137 S.W.3d 621, 624 (Tenn. 2004). This Court has further elucidated:

[t]he appellate court loses jurisdiction and a trial court reacquires jurisdiction upon remand, although that jurisdiction may be limited by the terms of the appellate court's remand order. The appellate court reinvests the trial court with jurisdiction upon issuance of the mandate. Even where, as here, the lower court is required to perform the "ministerial act" of dismissal upon remand, the lower court retains jurisdiction until dismissal is accomplished. Absent certain explicit exceptions not present here, the

---

[2] Although the trial court did not specify the type of jurisdiction at issue, the court appeared to determine that it lacked subject matter jurisdiction. The record indicates no findings regarding a lack of personal jurisdiction. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (explaining that "[s]ubject matter jurisdiction relates to the nature of the cause of action" while "[p]ersonal jurisdiction, by contrast, refers to the court's authority to adjudicate the claim as to the person.").

jurisdictional principles prevent the "undesirable consequences of permitting a case to be pending in more than one court at the same time."

*Jacob v. Partee*, No. W2013-01078-COA-R3-CV, 2013 WL 5817450, at *3 (Tenn. Ct. App. Oct. 30, 2013) (internal citations omitted). "Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court." *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425-26 (Tenn. Ct. App. 2007) (quoting *Earls v. Earls,* No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)).

Furthermore, Tennessee Code Annotated § 21-1-810 (2009) provides:

> In all cases remanded by the supreme court or court of appeals to any court for the execution of an order of reference, order of sale or for other proceedings directed in the decree of the appellate court or in the decree of the lower courts as affirmed or modified by the appellate court, the cases shall be deemed reinstated in the lower court from the time of filing with the clerk and master or clerk of the court a certified copy of the decree or mandate of the appellate court; and thereafter such cases may be proceeded in, in accordance with the decree of the appellate court, without any action of the lower court on the case. It shall not be necessary for the decree or mandate of the appellate court to be spread of record, in the lower court, by direction of the lower court, before the clerk and master, clerk of the court, or the parties may proceed in such case in accordance with the decree or mandate of the appellate court.

Similarly, Tennessee Rule of Appellate Procedure 43 provides in pertinent part:

> When the appellate court dismisses the appeal or affirms the judgment and the mandate is filed in the trial court, execution may issue and other proceedings may be conducted as if no appeal had been taken.

In the case at bar, the trial court had jurisdiction, once the case was remanded from the appellate courts, to conduct further proceedings that were not in conflict with the higher courts' decisions. As this Court has explained:

> It is true that a trial court may not disregard or modify the opinion of an appellate court. *See Earls v. Earls,* No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. M.S., filed May 14, 2001). However, a trial court is not necessarily powerless to conduct any proceedings on

9

remand. This Court has reviewed the authority of a trial court on remand and found as follows:

> Once the mandate [from an appellate court] reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court . . . . [T]he trial court does not have the authority to modify or revise the appellate court's opinion, or to expand the proceedings beyond the remand order. The trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion.

> *Id.* (internal citations omitted).

*Seaton v. Wise Props.-TN, LLC*, No. E2013-01360-COA-R3CV, 2014 WL 1715068, at *6 (Tenn. Ct. App. Apr. 30, 2014) (quoting *Freeman Indus. LLC v. Eastman Chem. Co.,* 227 S.W.3d 561, 567 (Tenn. Ct. App. 2006)). Based on the above precedent, there can be no question that the trial court had jurisdiction to act on Ms. Dry's motions once the mandate was issued.

Upon issuance of the mandate, the parties and the trial court became bound by the "law of the case" doctrine. *See Tindell v. West*, No. E2012-01988-COA-R3-CV, 2013 WL 6181997, at *4 (Tenn. Ct. App. Nov. 25, 2013). The trial court herein may have conflated the concept of jurisdiction with the doctrine of "law of the case." As this Court has explained, however:

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

> > . . . [I]t is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule

promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of the lower courts to the decisions of appellate courts.

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand.

*Memphis Publ. Co. v. Tennessee Petroleum Underground Storage Tank Bd.,* 975 S.W.2d 303, 306 (Tenn. 1998) (citations omitted). When a remanded cause has been re-entered on the docket, it stands exactly as it did when the appeal was granted, except insofar as changed by the appellate courts. *Raht v. Southern Ry. Co.,* 215 Tenn. 485, 387 S.W.2d 781, 787 (1965). Further, "[t]he Trial Court on remand has full powers to implement and enforce its judgment as modified." *Inman,* 840 S.W.2d at 932.

*Hawkins v. Hart*, 86 S.W.3d 522, 531-32 (Tenn. Ct. App. 2001). Therefore, in this case, the trial court possessed jurisdiction following remand to act upon any pending motions and/or to hear any unadjudicated claims.[3] *See, e.g., Tindell*, 2013 WL 6181997, at *3-4 (explaining that the trial court should hold any motions filed during appeal in abeyance until the mandate issues). The only constraint upon the trial court's power would be that it could not reconsider an issue that had already been decided in the prior appeal. *See Hawkins*, 86 S.W.3d at 531-32; *Tindell*, 2013 WL 6181997, at *3-4.

We conclude that the trial court erred by determining that it was without jurisdiction to rule upon Ms. Dry's motion filed pursuant to Tennessee Rules of Civil Procedure 59 and 60. We thus vacate the trial court's order dated September 28, 2015, and remand this matter to the trial court for further proceedings.[4] Furthermore, because

---

[3] The December 28, 2012 order, from which the first appeal was taken, was certified as final pursuant to Tennessee Rule of Civil Procedure 54.02 and did not dispose of all pending claims. We note specifically that the original plaintiffs' malicious prosecution claim had never been adjudicated at the time the mandate was issued.

[4] For the same reasons previously explained, the trial court also possessed jurisdiction to hear Ms. Dry's motion for enlargement of time for substitution filed pursuant to Tennessee Rule of Civil Procedure 6.02. We, of course, make no determination regarding whether any of the motions filed by Ms. Dry should be granted or denied. We merely hold that the trial court had jurisdiction to act thereon once the mandate was issued.

the trial court's award of sanctions was based upon the filing of Ms. Dry's Tennessee Rules of Civil Procedure 59 and 60 motion, we also vacate the trial court's award of sanctions against Ms. Dry.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order dated September 28, 2015, and remand this matter to the trial court for further proceedings. We also vacate the trial court's award of sanctions against Ms. Dry. Costs on appeal are assessed to the appellees, Christi Lenay Fields Steele; Randall E. Pearson, M.D.; Laurence Thomas O'Connor, Jr., M.D.; Joshua R. Walker; Jeffrey Scott Griswold; Jeffrey A. Woods; and State Volunteer Mutual Insurance Company.

_____
THOMAS R. FRIERSON, II, JUDGE