IN THE MATTER OF: E.M.

No. COA09-1370

(Filed 2 March 2010)

**1. Appeal and Error— notice of appeal—timely filed**

The guardian *ad litem's* motion to dismiss respondent mother's appeal from the termination of her parental rights was denied because respondent's notice of appeal was timely filed by operation of N.C. R. App. P. 27(a).

---

2. **Termination of Parental Rights— best interests of the child—statutorily mandated factors**

Because the trial court's order terminating respondent mother's parental rights did not address all the statutorily mandated factors enumerated in N.C.G.S. § 7B-1110(a), and the record contains evidence from which the court could make findings of fact concerning those factors, the case was remanded to the trial court for additional findings of fact.

Appeal by respondent from order filed 31 July 2009 by Judge Rickye McKoy-Mitchell in District Court, Mecklenburg County. Heard in the Court of Appeals 15 February 2010.

*Kathleen Arundell Widelski, for Mecklenburg County Department of Social Services, Youth and Family Services, petitioner-appellee.*

*Pamela Newell Williams, GAL Appellate Counsel, for guardian ad litem.*

*Peter Wood, for respondent-appellant.*

WYNN, Judge.

When determining whether the termination of parental rights is in the best interest of a minor child, the trial court is required to consider, *inter alia*, "[t]he likelihood of adoption of the juvenile," "[t]he bond between the juvenile and the parent," and "[t]he quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement."[1] Because we find no evidence that the trial court considered these statutorily mandated factors prior to terminating Respondent's parental rights, we remand for additional findings of fact.

Respondent appeals from an order terminating her parental rights to E.M. ("the juvenile"). Respondent gave birth to the juvenile in 2006. The juvenile tested positive for cocaine at birth and lived with respondent and respondent's mother for less than four months after her birth. On 21 February 2007 the juvenile was removed from the custody of Respondent because of Respondent's ongoing substance abuse and failure to receive substance abuse treatment. On 2 April 2007 the court adjudicated the juvenile as neglected and dependent. The court ordered the Department of Social Services to

---

1. N.C. Gen. Stat. § 7B-1110(a) (2009).

"make reasonable efforts to eliminate the need for placement of the juvenile and make it possible for the child to safely return to his/her own home and the parent's care." The court also adopted a mediated case plan which included several components designed to achieve the goal of reunification. Respondent failed to satisfactorily comply with the mediated case plan, and on 18 September 2008 the court changed the permanent plan from reunification to termination of parental rights and adoption. Petitioner filed a petition to terminate parental rights on 14 November 2008. After hearings on 10 March 2009 and 1 June 2009, the court entered an order finding the existence of grounds to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. §§ 7B-1111(a)(1)-(3) and (5)-(6). The court concluded that it is in the best interest of the juvenile that Respondent's parental rights be terminated. The court signed and filed the order on 31 July 2009, Petitioner served the order on the parties of record on 6 August 2009, and Respondent filed notice of appeal on 8 September 2009.

**[1]** Initially, we note that the guardian ad litem has filed a motion to dismiss the appeal arguing that notice thereof was not given in a timely manner. To appeal an order terminating parental rights, a party must give notice of appeal in writing "within 30 days after entry and service of the order in accordance with G.S. 1A-1, Rule 58." N.C. Gen. Stat. § 7B-1001(b) (2009). "Subject to the provisions of Rule 54(b), a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2009). In computing the period of time within which an action must be taken, "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday." N.C. R. App. P. 27(a) (2009). Thus for notice of appeal in this case to have been timely, it must have been filed and served within 30 days after service of the order, thereby making filing of notice of appeal due on or before 6 September 2009.

We take judicial notice that 6 September 2009 was a Sunday and that the next business day was a legal holiday, namely Labor Day. The next business day which was not a legal holiday was Tuesday, September 8; thus, by operation of Appellate Rule 27(a), the notice of appeal filed 8 September 2009 was timely. The motion to dismiss is therefore denied.

Termination of one's parental rights must be based upon findings of fact, supported by clear, cogent, and convincing evidence, which

establish the existence of a statutory ground for termination. N.C. Gen. Stat. § 7B-1109 (2009); *In re Young*, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997). If the court concludes that a ground exists, it must then determine whether termination of parental rights is in the best interest of the child. N.C. Gen. Stat. § 7B-1110 (2009); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). The court's determination of the juvenile's best interest will not be disturbed absent a showing of an abuse of discretion. *In re Shermer*, 156 N.C. App. 281, 285, 576 S.E.2d 403, 406-07 (2003). A court abuses its discretion when an action is "so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

[2] Respondent contends that the court abused its discretion for two reasons: (1) the court failed to demonstrate consideration of statutory factors in its order terminating her parental rights, and (2) termination of parental rights is not in the best interest of the juvenile. The governing statute provides in pertinent part:

(a) After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest. In making this determination, the court *shall* consider the following:

(1) The age of the juvenile.

(2) The likelihood of adoption of the juvenile.

(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.

(4) The bond between the juvenile and the parent.

(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2009) (emphasis added). "This Court has held that use of the language 'shall' is a mandate to trial judges, and that failure to comply with the statutory mandate is reversible error." *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001). Of the factors listed above, the court's order only reflects consideration of the juvenile's age and the permanent plan of adoption. The court's order does not consider the likelihood of adoption of the juvenile, the

bond between the juvenile and the parent, or the quality of the relationship between any prospective adoptive parents, custodian, or guardian and the juvenile. We note that the record contains evidence from which the court could make findings as to these factors and we accordingly remand the matter to the trial court for entry of appropriate findings pursuant to N.C. Gen. Stat. § 7B-1110(a).

Remanded.

Judges HUNTER, JR. and BEASLEY concur.