IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 3, 2017

IN RE CATHERINE J.

Appeal from the Juvenile Court for Shelby County
No. CC0587    Harold W. Horne, Special Judge

_____

No. W2017-00491-COA-R3-PT
_____

This is a termination of parental rights case involving the parental rights of the father, Clyde J. ("Father") to his minor child, Catherine J. ("the Child"). On August 4, 2016, the Tennessee Department of Children's Services ("DCS") filed a petition to terminate Father's parental rights.[1] The matter was heard on January 26, 2017, and the trial court entered a final judgment on February 13, 2017, terminating Father's parental rights to the Child. Father timely filed a notice of appeal. However, Father failed to comply with Tennessee Code Annotated § 36-1-124(d) (Supp. 2016) in that he failed to sign the notice of appeal. At the direction of this Court, Father filed an amended notice of appeal that contained his signature on April 7, 2017, more than thirty days from entry of the trial court's final judgment. Because this Court lacks subject matter jurisdiction, we dismiss Father's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

James Franklin, Jr., Memphis, Tennessee, for the appellant, Clyde J.

Herbert H. Slatery, III, Attorney General and Reporter, and Brian A. Pierce, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

---

[1] The mother, whose parental rights were also terminated by the trial court, is not participating in this appeal. Therefore, we will discuss only those facts relevant to Father.

**OPINION**

## I. Factual and Procedural Background

The trial court removed the Child from the parents' custody in October 2015 and subsequently adjudicated the Child dependent and neglected in February 2016. DCS filed a petition to terminate Father's parental rights on August 4, 2016. The trial court conducted a bench trial on January 26, 2017, regarding the termination petition. Following the trial, the court entered a final judgment on February 13, 2017, terminating Father's parental rights to the Child. The court found by clear and convincing evidence that (1) Father had abandoned the Child by willfully failing to support her in the four months immediately preceding Father's incarceration, (2) Father had abandoned the Child by willfully failing to visit her in the four months immediately preceding Father's incarceration, and (3) Father had engaged in conduct prior to his incarceration that exhibited a wanton disregard for the welfare of the Child. The trial court further found by clear and convincing evidence that termination of Father's parental rights was in the best interest of the Child.

Father filed a premature notice of appeal in this matter on February 7, 2017, which this Court considered to have been timely filed upon entry of the February 13, 2017 judgment. *See* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."). However, Father did not sign the notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d). Upon discovery of Father's deficient notice of appeal, this Court, *sua sponte*, filed an order on March 13, 2017, directing Father to file an amended notice of appeal that included Father's signature. Father filed an amended notice of appeal containing his requisite signature on April 7, 2017.

## II. Subject Matter Jurisdiction

In its responsive brief, DCS raises the issue of whether this Court has subject matter jurisdiction to consider this appeal due to Father's failure to sign the initial notice of appeal. According to DCS, the notice of appeal lacking Father's signature is "jurisdictionally deficient." Father did not file a reply brief in this matter and failed to respond to DCS's contention in this regard. Determining that we do not have subject matter jurisdiction to consider this appeal, we agree that Father's appeal should be dismissed.

Effective July 1, 2016, Tennessee Code Annotated § 36-1-124 was amended to add subsection (d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Inasmuch as the amended statute is procedural in nature, this Court determined that the amendment to Tennessee Code Annotated § 36-1-124(d) should be applied retrospectively to all termination of parental

rights actions "'pending when the legislation [took] effect'" on July 1, 2016. *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 n.5 (Tenn. Ct. App. July 11, 2017) (quoting *Kee v. Shelter Ins.*, 852 S.W.2d 226, 228 (Tenn. 1993)).

As a matter of first impression, this Court held in *In re Gabrielle W.* that an appellant's failure to sign the notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d) "is a jurisdiction default, and the appeal must be dismissed." *See In re Gabrielle W.*, 2017 WL 2954684, at *4. After analyzing several out-of-state cases considering similar statutes, the *Gabrielle* Court explained:

> In these cases, dealing with termination of parental rights, the courts strictly followed the language of the statutes and rules. This state's statute is just as unforgiving. Neither in the Tennessee Code Annotated nor in the Tennessee Rules of Appellate Procedure is there a safety valve or means of waiver for the requirement of the appellant's signature. Therefore, based on the language of the statute, the absence of [the appellant's] signature on the notice of appeal is a jurisdictional default, and the appeal must be dismissed.

*Id.* (footnote omitted).

In the action before us, Father did not sign his initial notice of appeal. The record reflects that the initial notice of appeal incorporated a form that had been completed and signed by Father's attorney. Accordingly, we conclude that Father's initial notice of appeal in this matter is deficient because it lacks the appellant's signature. As such, the initial notice of appeal did not confer jurisdiction on this Court. *See id.* We note that Father subsequently filed an amended notice of appeal, at the direction of this Court, attempting to comply with Tennessee Code Annotated § 36-1-124(d). Father's amended notice of appeal was filed on April 7, 2017, however, which was more than thirty days following entry of the trial court's final judgment. Therefore, the issue before this Court becomes whether the amended notice of appeal was timely filed so as to confer subject matter jurisdiction with this Court.

Rule 4(a) of the Tennessee Rules of Appellate Procedure states, *inter alia*, that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ."[2] This time limitation is jurisdictional and mandatory in civil cases, including cases dealing with termination of parental rights. *See Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *In re Joeda J.*, 300 S.W.3d 710, 711 (Tenn. Ct. App. 2009); *First Nat'l Bank of*

---

[2]Effective July 1, 2017, Tennessee Rule of Appellate Procedure 4(a) was amended to require that notices of appeal be filed with the appellate court clerk rather than the trial court clerk. Such amendment is inapplicable to the case at bar.

*Polk Cty. v. Goss*, 912 S.W.2d 147, 148 (Tenn. Ct. App. 2005); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This Court has no authority to expand or waive the thirty-day time limitation. *See* Tenn. R. App. P. 2, 21(b); *see also First Nat'l Bank*, 912 S.W.2d at 148; *Jefferson*, 699 S.W.2d at 184. "[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

Due to the recentness of the enactment of Tennessee Code Annotated § 36-1-124(d), this Court has been unable to locate any Tennessee precedent regarding an appellant in a termination case who amended his or her notice of appeal to comply with the statutory requirement more than thirty days following entry of the trial court's final judgment. However, our neighboring state of North Carolina has a similar procedural requirement that an appellant in a termination action sign the notice of appeal, which was analyzed by this Court in *In re Gabrielle W.* *See* N.C. R. App. P. 3.1(a); *In re Gabrielle W.*, 2017 WL 2954684, at *4. We note that decisions from other states are not binding on this Court but may be persuasive authority. *See Ottinger v. Stooksbury*, 206 S.W.3d 73, 79 (Tenn. Ct. App. 2006) (determining that, in the absence of Tennessee case law directly on point, the court could consider out-of-state case law as persuasive authority). In North Carolina, an appellant's failure to sign the notice of appeal in a termination of parental rights case has been deemed "a jurisdictional default." *See In re I.T.P-L.*, 670 S.E.2d 282, 285 (N.C. Ct. App. 2008). When interpreting this rule as relating to an amended notice of appeal, the North Carolina Court of Appeals has explained:

> Given that respondent subsequently filed an amended notice of appeal . . . that complied with the signature requirement, the question remains whether the second notice of appeal was timely.
>
> * * *
>
> Under N.C. Gen. Stat. § 7B-1001(b) (2013), respondent had "30 days after entry and service of the order" terminating his parental rights to file a timely appeal. *See also In re E.M.*, 202 N.C. App. 761, 763, 692 S.E.2d 629, 630 (2010) ("[F]or notice of appeal in this case [appealing from a termination of parental rights order] to have been timely, it must have been filed and served within 30 days after service of the order[.]"). As the record indicates that respondent father was served the order on 14 November 2014, respondent father had until the end of the day on 15 December 2014 to file an amended notice of appeal. *See* N.C. R. App. P. 27(a). Respondent father's amended notice of appeal filed 17 December 2014 was, therefore, untimely. "As proper and timely notice of appeal is jurisdictional, we must dismiss [respondent's] appeal." *In re I.T.P-L.*, 194 N.C. App. at 459, 670 S.E.2d at 285.

*In re X.G.M.*, No. COA15-399, 2015 WL 5431890, at \*3-4 (N.C. Ct. App. 2015) (additional citations omitted). Determining that the amended notice of appeal was not filed within thirty days after the respondent was served with the final order, the court dismissed the appeal due to lack of jurisdiction. We agree with the North Carolina appellate court's reasoning in *In re X.G.M. See id*.

We have already determined that the initial notice of appeal failed to invoke this Court's jurisdiction due to its lack of compliance with Tennessee Code Annotated § 36-1-124(d). The final judgment was filed on February 13, 2017, and the amended notice of appeal was subsequently filed on April 7, 2017, well beyond the thirty-day time limit following entry of the final judgment. Because a timely notice of appeal is mandatory and jurisdictional in all civil cases to confer jurisdiction on the appellate court, we therefore determine that an untimely filed amended notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d) is not sufficient to confer jurisdiction on this Court. *See, e.g., Albert*, 145 S.W.3d at 528 ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases.").

Until recently, this Court had not addressed whether the lack of an appellant's signature on a notice of appeal in a termination of parental rights action was a jurisdictional default. *See In re Gabrielle W.*, 2017 WL 2954684, at \*4. We recognize that prior to *In re Gabrielle W.*, this Court entered an order informing Father of his noncompliance with Tennessee Code Annotated § 36-1-124(d) and directing him to file an amended notice of appeal in compliance with the statute. This order was silent regarding jurisdiction of the appeal but allowed the appellant fifteen days to file an amended notice of appeal. We note that this Court cannot extend or expand the time period for an appellant to file a valid notice of appeal. *See* Tenn. R. App. P. 2, 21(b). In light of Tennessee Rule of Appellate Procedure 2 and this Court's decision in *In re Gabrielle W.*, we determine that the order entered by this Court had no effect on the thirty-day appeal period during which Father was required to file a valid notice of appeal to confer jurisdiction on this Court over the appeal.

Inasmuch as the appellant failed to sign the notice of appeal pursuant to Tennessee Code Annotated § 36-1-124(d) within thirty days of the final judgment's entry, we dismiss this appeal for lack of subject matter jurisdiction. *See* Tenn. R. App. P. 4; *In re Gabrielle W.*, 2017 WL 2954684, at \*4.

## III.  Conclusion

For the reasons stated above, the appeal of this matter is dismissed.  The case is remanded to the trial court for collection of costs assessed below.  Costs on appeal are assessed to the appellant, Clyde J.

_____
THOMAS R. FRIERSON, II, JUDGE