FILED
08/22/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2017

## IN RE HOMER D., ET AL.

**Appeal from the Juvenile Court for Overton County**
**No. 16-JV-74          Daryl A. Colson, Judge**

_____

**No. M2017-00298-COA-R3-PT**

_____

This is a termination of parental rights case. Upon the trial court's entry of an order terminating her parental rights, Appellant filed a timely notice of appeal. However, Appellant did not comply with Tennessee Code Annotated Section 36-1-124(d) (Supp. 2016) in that she failed to sign the notice of appeal. Although Appellant attempted to correct the error by filing an amended notice of appeal, the amended notice was filed after the thirty day time period for perfecting appeals had expired. As such, this Court lacks subject-matter jurisdiction to adjudicate the appeal, and it is dismissed with prejudice.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. FRANK G. CLEMENT, JR., P.J., M.S., filed a dissent.

Matthew S. Bailey, Sparta, Tennessee, for the appellant, Sarah R. P. B.

Herbert H. Slatery, III, Attorney General and Reporter; and Brian A. Pierce, Assistant Attorney General, for appellees, Bryan C. D. and Tennessee Department of Children's Services.

## OPINION

On July 15, 2016, Appellee Tennessee Department of Children's Services ("DCS") filed a petition to terminate Appellant Sarah R. P. B.'s parental rights to Homer D. (d/o/b May 2014) and Cheyenne D. (d/o/b November 2012).[1] On December 20, 2016, the trial court heard the petition to terminate Appellant's parental rights. By order of January 4, 2017, the trial court terminated Appellant's parental rights on the grounds of

_____

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

abandonment by willful failure to support, failure to substantially comply with the reasonable requirements of the permanency plan, and persistence of the conditions that led to the children's removal from Appellant's custody. The trial court also found that termination of Appellant's rights was in the children's best interests. Appellant filed a timely notice of appeal on February 3, 2017. Appellant filed an amended notice of appeal on February 27, 2017. As discussed below, Appellant did not sign the February 3, or February 27 notice of appeal as required under Tennessee Code Annotated Section 36-1-124(d). On March 20, 2017, Appellant filed a second amended notice of appeal, which she signed. As an initial issue, DCS asserts that Appellant's failure to sign a timely notice of appeal denies this Court subject-matter jurisdiction to hear the appeal. We will first address this issue.

Effective July 1, 2016, the Tennessee Legislature amended Tennessee Code Annotated § 36-1-124 to add subsection (d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Accordingly, the requirements of Tennessee Code Annotated Section 36-1-124(d) are applicable to the case at bar.

In *In re Gabrielle W.*, this Court held, as a matter of first impression, that an appellant's failure to sign the notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d) "is a jurisdictional default, and the appeal must be dismissed." *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017). After analyzing several out-of-state cases considering similar statutes, the *Gabrielle W.* Court explained:

> In these cases, dealing with termination of parental rights, the courts strictly followed the language of the statutes and rules. This state's statute is just as unforgiving. Neither in the Tennessee Code Annotated nor in the Tennessee Rules of Appellate Procedure is there a safety valve or means of waiver for the requirement of the appellant's signature. Therefore, based on the language of the statute, the absence of [the appellant's] signature on the notice of appeal is a jurisdictional default, and the appeal must be dismissed.

*Id*. (footnote omitted). Relying on the reasoning in *Gabrielle W.*, in subsequent cases, this Court has strictly interpreted Tennessee Code Annotated Section 36-1-124(d) to require dismissal of termination of parental rights appeals, for lack of subject-matter jurisdiction, when the appellant has not signed the notice of appeal. *See In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017 WL 3141825 (Tenn. Ct. App. July 24, 2017); *In re Mya V.*, No. M2016-02401-COA-R3-PT, 2017 WL 3209181 (Tenn. Ct. App. July 28, 2017); *In re Jayden R.*, No. M2016-02336-COA-R3-PT, 2017 WL 3469708 (Tenn. Ct. App. Aug. 11, 2017).

Here, Appellant filed a timely notice of appeal, which was signed by her attorney. However, the initial notice of appeal was not signed by Appellant. In view of the foregoing authority, we conclude that Appellant's first notice of appeal, i.e., the February 3, 2017 notice of appeal, is deficient because it lacks Appellant's signature. As such, the initial notice of appeal did not confer jurisdiction on this Court. Appellant's second amended notice of appeal was filed on March 20, 2017. Although the March 20, 2017 amended notice of appeal contains Appellant's signature, it was not filed within the 30 day time period set out in Tennessee Rule of Appellate Procedure 4(a). This Court has previously held that an appellant cannot cure the lack of a signature deficiency in his or her notice of appeal unless the deficiency is cured within the 30 day time period. As discussed in *In re Catherine J.*:

> Father's amended notice of appeal was filed on April 7, 2017, however, [this] was more than thirty days following entry of the trial court's final judgment. Therefore, the issue before this Court becomes whether the amended notice of appeal was timely filed so as to confer subject matter jurisdiction with this Court.

> Rule 4(a) of the Tennessee Rules of Appellate Procedure states, *inter alia*, that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from ...." This time limitation is jurisdictional and mandatory in civil cases, including cases dealing with termination of parental rights. *See **Albert v. Frye**,* 145 S.W.3d 526, 528 (Tenn. 2004); ***In re Joeda J.**,* 300 S.W.3d 710, 711 (Tenn. Ct. App. 2009); ***First Nat'l Bank of Polk Cty. v. Goss**,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 2005); ***Jefferson v. Pneumo Servs. Corp**.,* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This Court has no authority to expand or waive the thirty-day time limitation. *See* Tenn. R. App. P. 2, 21(b); *see also **First Nat'l Bank**,* 912 S.W.2d at 148; ***Jefferson**,* 699 S.W.2d at 184. "[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." ***Ball v. McDowell**,* 288 S.W.3d 833, 836 (Tenn. 2009).

> Due to the recentness of the enactment of Tennessee Code Annotated § 36-1-124(d), this Court has been unable to locate any Tennessee precedent regarding an appellant in a termination case who amended his or her notice of appeal to comply with the statutory requirement more than thirty days following entry of the trial court's final judgment. However, our neighboring state of North Carolina has a similar procedural requirement that an appellant in a termination action sign the notice of appeal. . . . In North Carolina, an appellant's failure to sign the notice of appeal in a termination of parental rights case has been deemed "a jurisdictional default." *See **In re I.T.P–L**.,* 670 S.E.2d 282, 285 (N.C. Ct.

- 3 -

App. 2008).

When interpreting this rule as relating to an amended notice of appeal, the North Carolina Court of Appeals has explained:

> Given that respondent subsequently filed an amended notice of appeal ... that complied with the signature requirement, the question remains whether the second notice of appeal was timely.
>
> * * *
>
> Under N.C. Gen. Stat. § 7B–1001(b) (2013), respondent had "30 days after entry and service of the order" terminating his parental rights to file a timely appeal. *See also In re E.M.*, 202 N.C. App. 761, 763, 692 S.E.2d 629, 630 (2010) ("[F]or notice of appeal in this case [appealing from a termination of parental rights order] to have been timely, it must have been filed and served within 30 days after service of the order[.]"). As the record indicates that respondent father was served the order on 14 November 2014, respondent father had until the end of the day on 15 December 2014 to file an amended notice of appeal. See N.C. R. App. P. 27(a). Respondent father's amended notice of appeal filed 17 December 2014 was, therefore, untimely. "As proper and timely notice of appeal is jurisdictional, we must dismiss [respondent's] appeal." *In re I.T.P–L.*, 194 N.C. App. at 459, 670 S.E.2d at 285.

*In re X.G.M.*, No. COA15–399, 2015 WL 5431890, at *3-4 (N.C. Ct. App. 2015) (additional citations omitted). Determining that the amended notice of appeal was not filed within thirty days after the respondent was served with the final order, the court dismissed the appeal due to lack of jurisdiction. We agree with the North Carolina appellate court's reasoning in **In re X.G.M.** *See id.*

We have already determined that the initial notice of appeal failed to invoke this Court's jurisdiction due to its lack of compliance with Tennessee Code Annotated § 36-1-124(d). The final judgment was filed on February 13, 2017, and the amended notice of appeal was subsequently filed on April 7, 2017, well beyond the thirty-day time limit following entry of the final judgment. Because a timely notice of appeal is mandatory and jurisdictional in all civil cases to confer jurisdiction on the appellate court, we therefore determine that an untimely filed amended notice of appeal in compliance with Tennessee Code Annotated § 36-1-124(d) is not sufficient to confer jurisdiction on this Court. *See, e.g., Albert*, 145 S.W.3d at 528 ("The thirty-day time limit for filing a notice of appeal is mandatory and

- 4 -

jurisdictional in civil cases.").

***

Inasmuch as the appellant failed to sign the notice of appeal pursuant to Tennessee Code Annotated § 36-1-124(d) within thirty days of the final judgment's entry, we dismiss this appeal for lack of subject matter jurisdiction. *See* Tenn. R. App. P. 4; ***In re Gabrielle W.***, 2017 WL 2954684, at *4.

***In re Catherine J.***, 2017 WL 3141825, at *3-4.

The same is true in this case. Appellant's February 3, 2017 notice of appeal was insufficient to confer subject-matter jurisdiction on this Court because it did not contain Appellant's signature, as required under Tennessee Code Annotated Section 36-1-124(d). Although Appellant's second amended notice of appeal did contain Appellant's signature, it was filed on March 20, 2017, which was more than thirty days after the entry of the trial court's judgment. As such, it, too, is insufficient to confer subject-matter jurisdiction on this Court.

For the foregoing reasons, we dismiss the appeal with prejudice for lack of subject-matter jurisdiction. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Sarah R. P. B. Because Sarah R. P. B. is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE