FILED

10/25/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 17, 2018

**TRACY LANGSTON FORD-LINCOLN-MER v. COREY LEA**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2018-CV-29   Ross H. Hicks, Judge**

_____

**No. M2018-01006-COA-R3-CV**
_____

This is an appeal from a final judgment entered on April 10, 2018. Because the appellant did not file his notice of appeal within thirty days after entry of the judgment as required by Tenn. R. App. P. 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, AND RICHARD H. DINKINS, JJ.

Corey Lea, Murfreesboro, Tennessee, pro se.

Mike J. Urquhart, Nashville, Tennessee, for the appellee, Tracy Langston Ford, LLC.

**MEMORANDUM OPINION[1]**

On April 10, 2018, the Circuit Court for Robertson County entered a final judgment dismissing the defendant's appeal from a decision of the General Sessions Court for Robertson County.  The defendant, Corey Lea, filed his notice of appeal with

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the trial court clerk on May 11, 2018, and with the clerk of this court on June 1, 2018.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. At the time the Mr. Lea filed his notice of appeal, a one year transitional provision to the 2017 amendment to Tenn. R. App. P. 4(a) was still in effect. Under the transitional provision, if a party attempts to file a notice of appeal with the trial court clerk within the original thirty day period, the party attempting the filing is allowed an additional twenty days within which to file the notice with the appellate court clerk. Here, however, Mr. Lea first attempted to file his notice of appeal with the trial court clerk on May 11, 2018, thirty-one days after entry of the judgment appealed. Because the attempted filing was not received by the trial court clerk within the original thirty day time period, the transitional provision does not apply. Even if the transitional provision did apply, Mr. Lea did not file his notice of appeal with the clerk of this court within the additional twenty days allowed by the provision.

On June 5, 2018, this court ordered Mr. Lea to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal. Mr. Lea responded by asserting that the trial court clerk informed him the judgment was not entered until April 11, 2018, and that the trial court clerk's online system also stated the judgment was entered on April 11, 2018. In addition, Mr. Lea filed a motion in the trial court for relief under Tenn. R. Civ. P. 60.

On June 21, 2018, this court remanded the matter to the trial court for consideration of Mr. Lea's Tenn. R. Civ. P. 60 motion and for factual findings related to the date the order was entered, the date communicated to Mr. Lea, and the date listed on the trial court clerk's online system. On August 16, 2018, the trial court denied the Mr. Lea's Tenn. R. Civ. P. 60 motion. The trial court found that the final order was filed on April 10, 2018, that the trial court clerk mailed Mr. Lea a copy of the filed order dated April 10, 2018, and that Mr. Lea did not contact the trial court clerk's office after April 10, 2018, to determine when the order was entered. While the trial court clerk's online system states the case was "disposed of" on April 11, 2018, it does not state the final order was entered on that date. Further, the online system has a disclaimer that plainly indicates that it is not the official record information of the clerk and should not be relied upon.

While a trial court can grant an appellant relief under Tenn. R. Civ. P. 60 from the failure to file a timely notice of appeal, Tenn. R. App. P. 4(a), *Advisory Commission Comments*, such relief is available "only under the most unusual, rare, compelling and propitious circumstances." *First Nat. Bank of Polk Cty. v. Goss*, 912 S.W.2d 147, 151 (Tenn. Ct. App. 1995). Requests for such relief are addressed to the trial court's discretion, and thus appellate courts review decisions regarding Tenn. R. Civ. P. 60.02 relief using the abuse of discretion standard. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d

94, 97 (Tenn. 1993). Here, we find no grounds to reverse the trial court's decision denying relief under Tenn. R. Civ. P. 60.

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

This appeal is hereby dismissed. The case is remanded to the trial court for further proceedings consistent with this opinion. Corey Lea is taxed with the costs for which execution may issue.

PER CURIAM